## GEORGE JASER ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF MILFORD
### (15247)

Foti, Lavery and Daly, Js.

Argued September 24—officially released November 12, 1996

*Matthew B. Woods*, city attorney, with whom, on the brief, was *Cynthia C. Anger*, assistant city attorney, for the appellant (defendant).

*Thomas B. Lynch*, for the appellees (plaintiffs).

LAVERY, J. The defendant appeals from the judgment of the trial court sustaining the plaintiffs' appeal and reversing the decision of the defendant Milford zoning board of appeals (board) that the plaintiffs did not suffer a hardship and were not entitled to a variance. The sole issue in this appeal is whether the trial court impermissibly substituted its judgment for that of the board. We find that it did. We reverse the decision of the trial court.

The relevant facts are as follows. The plaintiffs, George Jaser, Nicholas Mainero and Jacob Mallin, own property located at 182 Milford Point Road in Milford. The lot in question measures approximately 11,688 square feet and is bordered by tidal wetlands on its rear. Fire destroyed the residence that was on the lot in 1972, and since that time the lot has remained vacant.

Prior to the submission of the variance application, the plaintiffs submitted an application to the board to have the lot declared a nonconforming building lot. The plaintiffs at that time submitted a survey that showed that a house could be constructed on the property within the applicable setback requirements.

On July 22, 1994, the plaintiffs applied to the board for a variance of Milford zoning regulations § 3.1.4.1.[1] That regulation would require a thirty foot front yard setback for the construction of a single-family residence on the lot. The plaintiffs sought to vary the required thirty foot front yard setback to twenty feet so that they could construct a single-family residence on the property. The plaintiffs, in their application for a variance, claimed a hardship.[2] The plaintiffs described as hardship that the "front yard setback requirement makes lot unbuildable because of the unusual shape of the building area restricted by tidal wetlands."

At the hearing before the board, the plaintiffs presented plans for the house they proposed to construct

[1] "Under General Statutes § 8-6 (3), the board may grant a variance provided (1) the variance is shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." *Adolphson* v. *Zoning Board of Appeals*, 205 Conn. 703, 709, 535 A.2d 799 (1988).

[2] To establish a hardship under General Statutes § 8-6, an applicant must show not only that he is thwarted in a desired use of land, but also that he is being completely or almost completely deprived of the use of the value of that land. See *Chevron Oil Co.* v. *Zoning Board of Appeals*, 170 Conn. 146, 151–52, 365 A.2d 387 (1976); *Devaney* v. *Zoning Board of Appeals*, 132 Conn. 537, 542, 45 A.2d 828 (1946).

in support of their claim for a variance. The board, by a three to two vote, denied the variance application for the following reason: "It was felt by those in opposition that there was no evidence presented to establish a hardship and noted that approval was granted for the nonconforming lot on the basis that a structure to be built would comply with setback requirements."

The plaintiffs appealed to the Superior Court pursuant to General Statutes § 8-8. The trial court, *Mancini, J.*, sustained the appeal and granted the variance. The trial court, in its memorandum of decision stated in pertinent part: "This lot is more unique than others because of the presence of tidal wetlands to rear of the property and as such needs the requested variance. To construct the desired dwelling without wetlands approval would be most difficult. . . . The court finds the board's reasoning was inadequate and improperly recorded." In addition, the trial court concluded: "The new structure would enhance property values surrounding the building and the decision of the board to allow them to build a small, narrow building to conform with the zoning laws whereby said building would certainly be a detriment to real estate values." The defendant now appeals the decision of the trial court.

The controlling issue on appeal is whether the trial court impermissibly substituted its factual findings for those of the board. " ' "It is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency.". . . *Stankiewicz* v. *Zoning Board of Appeals,* 15 Conn. App. 729, 731–32, 546 A.2d 919 (1988), aff'd, 211 Conn. 76, 556 A.2d 1024 (1989). The court's function is to determine on the basis of the record whether

substantial evidence has been presented to the board to support its findings. *Huck* v. *Inland Wetlands & Watercourses Agency*, 203 Conn. 525, 540, 525 A.2d 940 (1987). "[E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred." ' *Mobil Oil Corp.* v. *Zoning Board of Appeals*, 35 Conn. App. 204, 209, 644 A.2d 401 (1994)." *Conetta* v. *Zoning Board of Appeals*, 42 Conn. App. 133, 137–38, 677 A.2d 987 (1996). Where the board states its reasons on the record we look no further. *Westport* v. *Norwalk*, 167 Conn. 151, 161, 355 A.2d 25 (1974).

In the present case, a hardship was not shown because the plaintiffs admitted that a house, even though not the type that they desired, could have been built on the lot while conforming to the setback requirements.[3] "Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship . . . ." *Krejpcio* v. *Zoning Board of Appeals*, 152 Conn. 657, 662, 211 A.2d 687 (1965). It is well established that the power to grant a variance should be sparingly exercised. *Kaeser* v. *Zoning Board of Appeals*, 218 Conn. 438, 445, 589 A.2d 1229 (1991); *Allen* v. *Zoning Board of Appeals*, 155 Conn. 506, 510, 235 A.2d 654 (1967). In addition, as the trial court stated in its memorandum, the plaintiffs had an alternative route to accomplish their purpose without seeking a variance.

---

[3] The plaintiffs had previously submitted a plan for a house, albeit not the one that is the subject of this appeal, that could conform to the particular setback requirements of the lot. Addressing this "inconsistency," one board member at the public hearing on August 9, 1994, stated: "Under our regulations, any lot that's nonconforming, and is declared nonconforming, must meet all the other setback requirements, and you had it declared, or your client had it declared at one point, a nonconforming lot, indicating that, by that, it could meet all setback requirements and then nine months later, is here asking for a variance of those setback requirements. I find that a little inconsistent."

We find that there was substantial evidence on the record to support the finding by the board that a hardship did not exist, and thus a variance was not warranted. In sum, we conclude that the trial court should not have substituted its judgment for that of the board.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the plaintiffs' appeal.

In this opinion the other judges concurred.