[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The question presented in this case is whether the record contains sufficient evidence of a hardship to support the granting of a variance. For the reasons discussed below, I conclude that a hardship cannot reasonably be found on this record.
The record shows that the defendant, Alice J. Camp, owns a residential lot at 38-42 Pawson Trail in Branford (the "Camp property"). Another defendant, Curtis Breslin, holds a contract for purchase of the Camp property. There is an existing CT Page 2437 nonconforming cottage on the property. Camp and Breslin, however, wish to build a new residence on this site.
The problem addressed by this case is the setback. The existing cottage has a setback of 20.6 feet from the street. If no variance is granted, however, the Branford zoning regulations would require a new residence to have a 42 foot setback. Two different regulations play a role in this. The standard minimum setback, applicable to all residences, is 30 feet. A separate regulation requires an additional 12 foot setback in the case of narrow streets such as Pawson Trail.
On March 22, 1996, Camp and Breslin appealed to the Branford Zoning Board of Appeals ("ZBA") for variances from the regulations just discussed, requesting a total effective setback of 20 feet. On May 15, 1996, following a contentious hearing, the ZBA granted the appeal.
On June 12, 1996, the plaintiff, Cynthia Flaherty, filed a timely appeal of the ZBA's decision to this court. A hearing was held on April 7, 1997. At the hearing, Flaherty established that she owns land within one hundred feet of the Camp property. She is thus at aggrieved person within the meaning of Conn. Gen. Stat. § 88(1).
Although individual members of the ZBA discussed reasons for granting the variances in question, the board did not state a collective, official reason for its action. Accordingly, I must search the record as a whole to determine whether the evidence supports the board's decision. Bloom v. Zoning Board of Appeals,233 Conn. 198, 208-09, 658 A.2d 559 (1995).
The outcome of this case is largely determined by certain concessions made by Camp and Breslin before the ZBA. They specifically stated that they were not claiming a financial hardship. (Ex. U, p. 36). They additionally conceded that "a house of some sort" could be built on the property with no variances whatsoever and that the existing house could be rebuilt or redeveloped without a variance. (Id. at 4). They further conceded that the very house that they wished to build could be built with a 30 foot setback. (Id. at 9). The only asserted difficulty with this latter outcome was that the house would then "be just that much closer to the water, this close to the thing." (Id). CT Page 2438
The granting of variances allowing a 20 foot setback under these circumstances was error. "It is well established . . . that the granting of a variance must be reserved for unusual or exceptional circumstances." Bloom v. Zoning Board of Appeals,
supra, 233 Conn. at 206-07. "The power to grant a variance in the application of established zoning regulations should be exercised charily. . . . The obvious reason is that unless great caution is used and variations are granted only in proper cases, the whole fabric of town- and city-wide zoning will be worn through in spots and raveled at the edges until its purpose in protecting property values and securing an orderly development of the community is completely thwarted." Heady v. Zoning Board ofAppeals, 139 Conn. 463, 467, 94 A.2d 789 (1953).
A recent decision of the Appellate Court; Jaser v. ZoningBoard of Appeals, 43 Conn. App. 545, 684 A.2d 735 (1996); sets forth the law governing the situation at hand with great clarity. The owners of the property in question in Jaser requested a variance of a required 30 foot setback to 20 feet in order to build a single-family residence. The Appellate Court held that no hardship was shown "because the [owner] admitted that a house, even though not the type that they desired, could have been built on the lot while conforming to the setback requirements. Disappointment in the use of property does not constitute exceptional difficult or hardship. . . .' Krejpcio v. ZoningBoard of Appeals, 152 Conn. 657, 662, 211 A.2d 697 (1965)."43 Conn. App. at 548. (Footnote omitted). The observation of Jaser
just quoted is even more pertinent here. Not only did Camp and Breslin concede that "a house, though not the type that they desired, could have been built on the lot while conforming to the a setback requirements" but they further conceded that even "the type they desired" could be built with a less sweeping variance that which they sought and received.
The fact that Jaser upheld a decision of a board to deny a variance does not change this analysis. The ground of the Appellate Court's decision is that no hardship is shown in this situation in the first place.
Camp and Breslin rely on Chevron Oil Co. v. Zoning Board ofAppeals, 170 Conn. 146, 365 A.2d 387 (1976). Chevron, however, involved a setback ordinance that "permanently restrict[ed] the use of [the property in question] for any reasonable purpose." Id.
at 151. (Emphasis in original.) The application of the setback requirement in that case was held to be "equivalent to CT Page 2439 confiscation." Id. at 152. In view of the concessions discussed above, the same cannot be said here.
The appeal is sustained.
BLUE, J.