[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The North Branford Zoning Board of Appeals ("ZBA") granted a variance for the construction of a deck. Because no hardship can be found in the circumstances of this case, the appeal must be sustained.
The relevant facts can be briefly stated. On May 17, 1996, the defendants, David and Carolyn Vitaletti (the "Vitalettis"), applied to the ZBA for a variance to reduce their side yard set-back from 15 feet to 7 feet to allow them to build a deck attached to their home at 10 Dogwood Road in North Branford. Their application states that, "Any other area in the yard will be inaccessible to the porch and kitchen."
The ZBA heard the application on August 5, 1996. At this meeting the Vitalettis orally amended their application to request a 9 foot setback. The ZBA granted the application as amended.
On August 8, 1996, Louis and Laura Negro (the "Negros") CT Page 5773 appealed the ZBA's decision to this court. A hearing was held on April 28, 1997. At the hearing, the Negros established that they own land that abuts the Vitalettis' land and are thus aggrieved persons within the meaning of Connecticut Gen. Stat. § 8-8 (a)(1).
One other relevant fact was established at the hearing. After the commencement of this appeal, the Vitalettis built a deck in the requested location that is sufficiently small that it would not have violated the applicable setback requirements even if no variance had been granted. The Negros' concern is that a larger deck will eventually be built if the variance is upheld.
Although individual members of the ZBA discussed reasons for granting the variance in question, the board did not state a collective, official reason for its action. Accordingly, I must search the record as a whole to determine whether the evidence supports the board's decision. Bloom v. Zoning Board of Appeals,233 Conn. 198, 208-09, 658 A.2d 559 (1995). No such evidence has been discovered.
The Vitalettis and the ZBA rely on the argument that an alternative location for the deck would be less desirable. This argument fails to establish a hardship. "Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. " Krejpcio v. Zoning Board of Appeals, 152 Conn. 657,662, 211 A.2d 687 (1965). See Jaser v. Zoning Board of Appeals,43 Conn. App. 545, 548, 684 A.2d 735 (1996).
Even if it were conceded that the requested location of the deck is vital, however, the evidence submitted at the hearing makes it eminently clear that there is still no case for a hardship. A smaller deck can be built without a variance. This has been done. The Vitalettis are enduring no known hardship while using their deck in its present form.
The appeal is sustained.
Jon C. Blue Judge of the Superior Court