[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, John A. DiNapoli and Dorothy DiNapoli, filed with this court an administrative or record appeal of a decision by the defendant, Zoning Board of Appeals of the city of Norwalk (ZBA). The ZBA granted the application of Signature Homes Corporation and its principal, Paul P. Johnes (hereinafter referred to as the defendants). The ZBA approved a variance of CT Page 6327 the Norwalk Zoning Regulations (regulations) pertaining to the width of accessways to rear lots. The ZBA also granted a special exception in order to permit use of two lots at 94 Comstock Avenue, Norwalk.
The subject property, which is owned by the defendant Johnes, consists of approximately 4.6 acres, and is located in the Residence AAA zone. This zone requires a minimum of one acre and is limited to one single-family detached dwelling per lot. Regulations, § 118-300 B(1). This zone also permits rear lots provided that they are an acre in size exclusive of the area of the accessway. Also, the accessway to such lot "shall be a minimum of twenty-five feet in width." Regulations § 118-310C(1).
The ZBA first granted a special exception in order to validate the existence of the two rear lots belonging to the defendants because technically lot #82 had merged with lot #35. The result is one lot and one house on 4.6 acres in a one-acre zone. This merger resulted from the sale by the defendant Johnes of two acres to the plaintiffs on October 26, 1990. This rendered lot #35 nonconforming because it had only a nine feet accessway.
Regulations, § 118-800E(2) provides that if two or more adjoining parcels are held in single ownership and one does not conform to the regulations, such lots "shall be considered to be an undivided parcel . . . and no portion of said parcel shall be used or sold . . . except as may be granted by Special Exception by the Zoning Board of Appeals." Regulations, § 118-1410A(2)(e) provides that the ZBA may "Grant a Special Exception for the development of a nonconforming lot which is in the same ownership as an adjoining lot as per § 118-800E(2)."
The variance relates to the accessway to the rear lots. This accessway is 34 feet wide. The application shows one rear lot, #82, as having the requisite 25 feet, but the other adjoining rear lot, #35, would have 9 feet, instead of 25 feet. Lot #82 has 2.88 acres, and lot #35 has 1.9 acres, excluding the accessway. The plans show that the defendants intend to install one common 12 foot wide driveway for access to their two rear lots.
The ZBA held a public hearing on November 7, 1996. Following the hearing, the ZBA, by a unanimous vote, granted a special exception and a variance. The plaintiffs then appealed to this court, pursuant to General Statutes § 8-8 (b). In their complaint, the plaintiffs allege that in approving the special CT Page 6328 exception and the variance, the ZBA acted illegally, arbitrarily and in abuse of its discretion because such approval was contrary to law and the regulations.[1]
At a hearing held by this court on February 5, 1998, it was determined that the plaintiffs own property at 80 Comstock Avenue, Norwalk that is adjacent to and abuts the subject premises. Hence, they were found to be aggrieved pursuant to General Statutes § 8-8 (a)(1) and to have standing to pursue this appeal.
The plaintiffs contend in their brief that: (1) the defendants applied only for a variance and therefore the ZBA had no right to grant a special exception; (2) the application, in effect, seeks a resubdivision and hence should have been addressed to the Planning Zoning Commission; and (3) the defendants had not proved the requisite hardship to warrant the granting of a variance.
The first contention by the plaintiffs, that the defendants did not apply to the ZBA for a special exception, is correct. The ZBA staff, however, recognized that because of a possible merger problem caused by two lots held in the same ownership, a special exception was needed in order to confirm the existence of two separate lots. The public notice for the November 7, 1996, ZBA public meeting, explicitly refers to a "special exception for nonconforming rear lot in same ownership as adjoining rear lot."
Special exceptions were discussed in detail in Irwin v.Planning Zoning Commission, 244 Conn. 619, 628, ___ A.2d ___ (1998). It was noted that special permits and special exceptions are synonymous. Id., 623, n. 4. In Norwalk the ZBA is authorized by § 118-1410A(2)(e) and § 118-800(E)(2) of its regulations to grant a special exception to develop a nonconforming lot held in the same ownership as an adjacent lot. Although the regulations do not specifically establish criteria for the granting of special exceptions for rear lots, the granting of special permits is governed by Regulations, § 118-1450C. This regulation provides generally that a permit may be granted if the proposed use is in harmony with the "general purpose and intent of these regulations." § 118-1450C(2) contains certain specific considerations such as adequacy of yards and open space, impact on neighborhood properties, and existing land use. As noted, rear lots are permitted in the AAA zone. In this case, one of the subject lots has almost triple the area required in the CT Page 6329 zone. The other lot has almost twice the area. The other requirements for a rear lot are a setback of forty feet on all sides and a lot large enough to contain a circle 100 feet in diameter behind the front setback line. The defendants' proposal complies with these two requirements.
The record also reflects that these two lots existed prior to the enactment of zoning in Norwalk in 1929. Also, the lots are taxed separately. The chair woman of the agency, Anne Griesmer, remarked that: "while [the rear lot with the inadequate accessway] technically does not conform at this point it is strictly because of the fact that now they have only two lots whereas originally proposed it actually conformed as a roadway which is interesting in this case because I don't think the drainage — by that certainly would not have been in the best interest of the development of this lot and the effect on the neighbors."
Thus, there is adequate support in the record for the ZBA granting a special exception to the defendants. As noted in Irwinv. Planning Zoning Commission, supra, 244 Conn. 628, "[i]f, during the exercise of its discretion, the zoning commission decides that all the standards enumerated in the special permit requirements are met, then it can no longer deny the application." The court also noted that "[t]he agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." Id., 629.
The plaintiffs also contend that the defendants should have applied to the Planning and Zoning Commission for a resubdivision. They claim that the two rear lots merged into one lot and require a subdivision to reconfigure the two lots. The Norwalk regulations, however, as noted previously, expressly grant to the ZBA the authority to permit the use of rear lots that are nonconforming by way of a special exception. Thus, there is no need or requirement that the defendants apply to the Planning Zoning Commission for a subdivision or a resubdivision.
The third and final aspect of the plaintiffs' appeal involves the ZBA granting a variance to the defendants. Under General Statutes § 8-6 (a)(3), a zoning board of appeals may "vary the application of the zoning . . . regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and CT Page 6330 property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such . . . regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured." In Norwalk Regulations § 118-1410A(3) permits the ZBA to "[v]ary any requirement of these regulations in harmony with their general purpose and intent, so that substantial justice may be done. This authority shall be exercised in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations. To grant a variance, the Zoning Board of Appeals shall adopt a resolution which shall stipulate the reason for granting the variance."
The Supreme Court in Reid v. Zoning Board of Appeals,235 Conn. 850, 670 A.2d 1271 (1996), reviewed the law pertaining to variances, which it described as "well-settled." Id., 856. "Section § 8-6 (a)(3) provides in relevant part that a zoning board of appeals may determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where,owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship. . . . A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone. . . . Variances cannot be personal in nature, and may be based only upon property conditions. . . . In fact, we have stated that [p]ersonal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance. . . . (Citations omitted; internal quotation marks omitted.) Id., 856-57. CT Page 6331
The standard of review to be employed by this court in reviewing the granting of a variance, is found in Jaser v. ZoningBoard of Appeals, 43 Conn. App. 545, 684 A.2d 545 (1996). There, the court stated that "[i]t is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. . . . The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings. . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Where the board states its reasons on the record we look no further. . . ." (Citations omitted; internal quotations omitted.) Id., 547-48.
While not articulated in a formal written opinion, the ZBA and the defendants claim, and the court agrees, that the ZBA properly found the requisite hardship for a number of reasons, including: (1) the Zoning Inspector, J. Bradley, sent a memo to the ZBA indicating that the defendants' proposal was "sufficiently straightforward and of negligible impact to surrounding properties;" (2) the two lots would be served by a common 12 foot wide driveway already in existence so there would no change in appearance; (3) a wider accessway would impact on adjacent wetlands; (4) the lots could be developed with a 34 foot wide street that would give the two lots "frontage" on a street, rather than regarding them as rear lots; (5) the Conservation Commission had approved the defendants' proposal; (6) the statement by a member of the agency, Mr. Cooke, that: "I think this is a straightforward thing. Obviously the proposal of five, four, three basically down to two homes the issue of the 34 foot accessway as oppose[d] to 50 was clearly stated and I think it's a situation that was created — out of — 34 feet, we're talking about it serving only two parcels I think it's probably the development for a piece in that size."
There is substantial evidence in the record to support the claim of a hardship. The defendant Johnes, who owned 6.6 acres, conveyed two acres to the plaintiffs. The plaintiffs' argue that as a result of this sale the defendants are left with one lot of 4.6 acres in a one acre zone only because of this conveyance to them. The record indicates that this conveyance was done without CT Page 6332 any intent on the part of the defendant Johnes to render one of the two remaining lots unusable for any purpose. This would result in a virtual confiscation of one of the two lots.
It is axiomatic that, in an administrative appeal, a plaintiff has the burden of proving "that substantial evidence does not exist in the record as a whole to support the agency's decision." Samperi v. Inland Wetlands Agency, 226 Conn. 579, 587,628 A.2d 1286 (1993). For the reasons stated, the plaintiffs in the present case have not sustained their burden. Accordingly, the decision of the defendant ZBA is affirmed and the appeal of the plaintiffs is dismissed. Costs are to be taxed by the office of the chief clerk.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of May, 1998.
William B. Lewis, Judge