[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, James V. Lacerenza, appeals from the decision of the defendant, the Stamford Zoning Board of Appeals (ZBA), granting an application for a side yard variance, which was submitted by the defendant, Mary C. DeLuca. Lawrence T. DeLuca was also named as a defendant.
 BACKGROUND
On August 3, 1998, Mary DeLuca filed an application with the ZBA seeking a variance of the left, side yard footage from the required 15 feet to 7.1 feet. (Return of Record [ROR], Item 001.) The DeLucas sought the variance in order to raze an attached one car garage, which is presently located on the property, and construct an attached two story structure with a two car garage on the first floor and a bedroom and bathroom on the second floor. (ROR, Item 001.) On the application. Mary DeLuca claimed hardship as follows: "existing garage does not fit a car, want to eliminate and put in a 2 car garage, right side has septic, left side has existing driveway would mean that all existing trees could be kept." (ROR, Item 001.) Further, DeLuca claimed that the variance was the minimum necessary to afford relief "due to placement of house, proximity to left boundary and placement of trees." (ROR, Item, 001.)
A public hearing on the application was held on September 9, 1998. (ROR, Item 009.) After the hearing, the board unanimously granted the CT Page 1091 application, subject to the following conditions: 1) The addition shall have roof drains to prevent water from flowing onto neighboring properties; 2) The driveway shall have curbing to contain water drainage within the property or direct it onto the road; 3) The garage doors shall be standard residential size doors; 4) The maximum height of the addition shall be two stories and no part of the addition shall be higher than the roof lines that existed on September 9, 1998; 5) The location and size of the addition shall be as shown on the DeLuca's zoning location survey, dated July 31, 1998, a copy of which is on file in the ZBA. (ROR, Item 011.) The board, however, did not formally state on the record its reasons for granting the variance.
 JURISDICTION
Appeals taken from the decisions of a zoning board of appeals must strictly comply with the statutory provisions that authorize them. Simkov. Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. The statutory provisions of § 8-8 are jurisdictional in nature, thus, failure to strictly comply with their directives will result in a dismissal of the appeal.Simko v. Zoning Board of Appeal, supra, 206 Conn. 377.
 Aggrievement
Both pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal. Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 203 n. 13,676 A.2d 184 (1996). An aggrieved person "means a person aggrieved by a decision of the board . . . [and] includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes §8-8(a)(1).
In this appeal, Lacerenza alleges that, pursuant to 8-8(a)(1), he is aggrieved by the decision of the board because he lives within 100 feet of the land involved in the board's decision. At the hearing, Lacerenza put into evidence a certified copy of a warranty deed to establish that he is statutorily aggrieved because he owns land abutting the DeLucas' property. Consequently, Lacerenza is an aggrieved person within the meaning of 8-8(a)(1) because he proved at the hearing that he owns land that abuts the land that is the subject of the decision of the board.
 Timeliness and Service of Process
General Statutes § 8-8(b) requires that an appeal "shall be CT Page 1092 commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." General Statutes § 8-8(e).
On September 22, 1998, notice of the board's decision to grant the variance was published in the Advocate/Greenwich Time. (ROR, Item 012.). On October 6, 1998, this appeal was commenced by service of process upon the Stamford town clerk, the clerk of the ZBA, and the DeLucas. (Sheriff's Return.). Accordingly, Lacerenza's appeal was timely because it was commenced within the fifteen day time period required by §8-8(b) and service was made upon the proper parties in accordance with § 8-8(e).
 SCOPE OF JUDICIAL REVIEW
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established." Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 205, 658 A.2d 559 (1995). The actions of a zoning board of appeals are subject to review by the courts only to determine whether they were arbitrary, illegal, or an abuse of discretion. Franciniv. Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519 (1994). "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . ." Raczkowski v. Zoning Commission, 53 Conn. App. 636, 640,733 A.2d 862 (1999), cert. denied, 250 Conn. 921, 738 A.2d 658 (1999). "In light of the existence of a statutory right of appeal from the decisions of local zoning authorities . . . [however] a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty." (Internal quotation marks omitted.) Quality Sand Gravel,Inc. v. Planning Zoning Commission, 55 Conn. App. 533, 537, 738 A.2d 1157
(1999).
Upon appeal, the trial court is to review the record that was before the board at the time it made its decision in order to determine whether the board has acted "fairly or with proper motives or upon valid reasons. . . ." (Internal quotation marks omitted.) Bloom v. Zoning Boardof Appeals, supra, 233 Conn. 206. The plaintiff has the burden of demonstrating that a zoning board of appeals has acted improperly. Id. "Where a zoning agency has stated its reasons for its actions, the court CT Page 1093 should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . ." (Internal quotation marks omitted.) Id., 208. Failure to state reasons on the record, however, does not render the board's decision invalid. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,732, 546 A.2d 919 (1988), aff'd, 211 Conn. 76, 556 A.2d 1024 (1989). "Where a zoning board of appeals does not formally state the reasons for its decision . . . the trial court "must search the record for a basis for the board's decision." Bloom v. Zoning Board of Appeals, supra, 208.
 DISCUSSION
Lacerenza appeals on the ground that the board acted arbitrarily, illegally, and in abuse of its discretion in granting the variance because the DeLucas failed to demonstrate the existence of a hardship, which is a necessary predicate to granting a variance. In opposition, the ZBA argues that the record supports the ZBA's determination that a hardship exists due to the topography of the DeLucas' lot. The ZBA also argues that the appeal should be dismissed because Lacerenza has not met his burden of proving that the ZBA abused its discretion.
"Variances are, in a sense, the antithesis of zoning." (Internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498, 505, 661 A.2d 1018
(1995). "A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . ." (Internal quotation marks omitted.) Reid v. Zoning Board of Appeals, 235 Conn. 850,857, 670 A.2d 1271 (1996). Thus, "the granting of variances must be reserved for unusual or exceptional circumstances." Bloom v. Zoning Boardof Appeals, supra, 233 Conn. 206-07.
A local zoning board is authorized to grant variances pursuant to General Statutes § 8-6(a)(3) which provides that the board may "varyapplication of the zoning . . . regulations in harmony with their generalpurpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely withrespect to a parcel of land where, owing to conditions especiallyaffecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such . . . regulations wouldresult in exceptional difficulty or unusual hardship so that substantial justice will be done and public safety and welfare secured." (Emphasis added.) While § 8-6(a)(3) expressly designates the zoning board as the entity empowered by the legislature to grant variances, its statutory authority to do so does not arise unless and until the applicant first satisfies the following statutory requirements: "1) the variance must be shown not to affect substantially the comprehensive zoning plan, and, 2) CT Page 1094 adherence to the strict letter of the zoning ordinance would cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Bloom v. ZoningBoard of Appeals, supra, 233 Conn. 207.
Proof of hardship is a condition precedent to the granting of a variance. Id., 207-08. To satisfy his burden, "[a]n applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." Id., 207. A hardship sufficient to justify granting a variance is one which originates in the zoning ordinance itself and arises from the application of the ordinance to circumstances or conditions beyond the control of the party involved.Kaeser v. Zoning Board of Appeals, 218 Conn. 438, 445, 589 A.2d 1229
(1991).
The court must search the record to determine whether the DeLucas met their burden of proving hardship because the board failed to officially state its reasons for granting the variance. At the hearing, the DeLucas both urged the board to grant the variance for the same basic reasons stated in their application. (ROR, Item 009, pp. 2-11, 21-26.) They also submitted a petition containing signatures of several of their neighbors who favored the granting of the DeLucas' application for a variance. (ROR, Item 008.) In addition, several neighbors who attended the hearing, including the Lacerenzas whose property bounds the DeLucas' on the left side, voiced their opposition to the application. (ROR, Item 009, pp. 11-21, 26-27.)
The DeLucas testified at the hearing that they sought the variance because their existing garage is inadequate to store their three vehicles and that constructing a larger garage would be beneficial to the neighborhood because it would eliminate the "eyesore" of cars parked in the driveway, and that the addition would increase the value of the neighboring homes. They also testified that building on the left side boundary would allow the DeLucas to preserve some mature trees on the property, that it would be easier to build a garage on the left boundary because there is already an existing driveway on that side and that building on the right side or in the rear of the property wasn't feasible because of the septic system and holding tanks located there. The DeLucas further testified that although they discussed putting the addition in the front of the house, they decided against it because it was aesthetically displeasing. (ROR, Item 009, pp. 2-26.)
The discussion at the board meeting following the hearing reveals that the board felt that the DeLucas had "no other place to go" with the CT Page 1095 addition; (ROR, Item 010, pp. 2, 3, 10-11, 23, 30); and that building in front was not an option because "[i]t takes away from the whole house . . . [and] it's less attractive." (ROR, Item 010, p. 12.) In addition, the board noted that it is their policy to "encourage people to get their vehicles . . . off the road," (ROR, Item 010, p. 2), and that "[t]he situation there now is not — it doesn't look good. . . . There's cars all over the place. . . . There's no usable garage." (ROR, Item 010, p. 8). Finally, the board noted that the addition "makes the property more valuable for everybody around when you can . . . cover the cars," (ROR, Item 010, p. 9), and that "it's a long-term benefit that's in favor of the neighbors." (ROR, Item 010, p. 10.)
The DeLucas claim that because the existing garage is inadequate to store three vehicles, it has created an eyesore because vehicles have to be parked in the driveway. The desire to acquire additional storage for one's property, however is a personal, rather than a legal hardship.Pagnam v. Madison Zoning Board of Appeals, Superior Court, judicial district of New Haven, Docket No. 313724 (October, 28, 1991, Hodgson, J.) (6 C.S.C.R. 1042, 1043). (applicant's need to construct storage building on property because basement of house was damp and unsuitable for storage due to unusually high water table in the area constituted personal, rather than legal, hardship) "Variances cannot be personal in nature, and may be based only upon property conditions." Reid v. Zoning Board ofAppeals, supra, 235 Conn. 857. "The situation of any particular owner is irrelevant." Hyatt v. Zoning Board of Appeals, 163 Conn. 379, 382,311 A.2d 77 (1972). Consequently, the DeLucas' storage needs are personal in nature because the amount of storage space needed by a particular owner is peculiar to the owner, rather than peculiar to the land, and is therefore insufficient to justify the proper granting of a variance.
As previously discussed, the board's comments at the meeting, and the DeLucas' comments at the public hearing, indicate that both the DeLucas and the board felt that the addition would increase the value of the homes in that area, especially since it would allow for the vehicles to be garaged thus eliminating the parking "eyesore." "[M]ere economic hardship or . . . hardship that was self-created . . . [however] is insufficient to justify a variance . . . and neither financial loss nor the potential for financial gain is the proper basis for granting a variance." (Citations omitted.) Bloom v. Zoning Board of Appeals, supra,233 Conn. 208. Absent evidence that failure to grant the variance would destroy the value of the property, financial considerations are irrelevant to establishing hardship. Berlani v. Zoning Board of Appeals,160 Conn. 166, 171, 276 A.2d 780 (1970). Further. a board cannot grant a variance due to a hardship that is personal in nature merely because the project appears to be a desirable one for property owners; it is the subject property which must be the object of the hardship, rather than CT Page 1096 property owners in that zone. Reid v. Zoning Board of Appeals, supra,235 Conn. 857; Kaeser v. Zoning Board of Appeals, supra, 218 Conn. 445;Finch v. Montanari, 143 Conn. 542, 546, 124 A.2d 214 (1956). Neither the desirability of the addition to the property, nor the possibility of an increase in property value, serve to establish a legal hardship which is the necessary basis for the granting of a variance. Bloom v. Zoning Boardof Appeals, supra, 233 Conn. 208.
Finally, Mary DeLuca stated on the application, and the board argues in its brief, that the variance was justified due to topographic considerations, that is, that due to the location of the trees, existing driveway, septic and holding tanks the DeLucas had nowhere else on the lot to build. It is true that "[a] hardship resulting from the peculiar topography or condition of the land . . . may well, be . . . a [legal] hardship." Fiorilla v. Zoning Board of Appeals, 144 Conn. 275, 280,129 A.2d 619 (1957). "The existence of a tree on the lot [however] is not such an unusual [topographic] condition. Most land does have trees on it. . . . Not being able to preserve a tree, [while perhaps disappointing to a property owner] is not considered to be `practical difficulty or unnecessary hardship.'" Ryan v. Farmington Zoning Board of Appeals, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 513984 (February 4, 1994, Sullivan, J.)
In Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 637,596 A.2d 1 (1991), the court held that an applicant, who requested a variance in order to build an addition, established hardship due to the configuration of the applicant's lot and the location of the well and septic system. Recently, our Supreme Court has emphasized, however, that "[t]he fact that an owner is prohibited from adding new structures to the property [due to the topography of his land] does not constitute a legally cognizable hardship. For, "[i]f it is a hardship to not be able to use one's property as one wishes, then most setback variance applications would have to be granted." (Internal quotation marks omitted.) Bloom v.Zoning Board of Appeals, supra, 233 Conn. 210-11 n. 13.
In a case factually similar to the present case, Jaser v. Zoning Boardof Appeals, 43 Conn. App. 545, 546, 684 A.2d 735 (1996), the plaintiffs sought a variance so that they could build a single-family house on their property, claiming that the front yard setback requirement constituted a hardship that rendered their lot unbuildable because of the unusual shape of building area, which was restricted by tidal wetlands. Id. The court held, however, that a hardship was not shown because the plaintiffs admitted that a house, although not a house of the type they desired to build, could be built on the lot in conformance with the setback requirements. Id., 548. "To establish a hardship under General Statutes § 8-6, [the court noted] an applicant must show not only that he is CT Page 1097 thwarted in a desired use of land, but also that he is being completely or almost completely deprived of the use of the value of that land." Id., 546 n. 2.
The applicants in this case, like those in Jaser v. Zoning Board ofAppeals, supra, 43 Conn. App. 548, had other options as to where on their property they could build an addition. The record indicates that the addition could be constructed in the front of the house, although building in front was discounted because it was considered aesthetically unappealing. (ROR, Item, 009, pp. 4, 12, 21); (ROR, Item 010, p. 12.) Personal preferences such as aesthetics, however, constitute self-inflicted hardships because they arise from the applicant's own subjective choices rather than from the zoning regulations themselves. See Kaeser v. Zoning Board of Appeals, supra, 218 Conn. 445-46. In this case, the record discloses no evidence of an unusual topographic condition that is peculiar to the DeLuca property or that the DeLucas will be almost completely deprived of the value of the use of that land, either of which would justify the board's decision to grant the variance. Jaser v. Zoning Board of Appeals, supra, 43 Conn. App. 546
n. 2; Bloom v. Zoning Board of Appeals, supra, 233 Conn. 210-11 n. 13.
A search of the record indicates no evidence of a legal hardship. The only evidence of hardship that appears in the record in this case is personal and self-created. The DeLucas seek to build an addition to their home which contravenes the side yard requirements merely because it is more convenient for them to do so, rather than due to any legally recognizable hardship. Accordingly, the board acted arbitrarily, illegally and in abuse of its discretion in granting the variance because the DeLucas failed to prove hardship peculiar to their land. Therefore, the plaintiff's appeal is hereby sustained.
So Ordered.
RYAN, JUDGE