[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Candace McGovern, appeals from the June 21, 2000 decision of the defendant, the city of West Haven zoning board of appeals (ZBA), granting an application for a variance from the city's zoning regulations by the defendants, Louis and Lillian Buonfiglio, so that the Buonfiglios could construct a garage on their property.
The ZBA unanimously granted the Buonfiglios' application for a variance from the city's zoning regulations, but did not state on the record the reasons for its decision. (Return of Record [ROR], Item 6: transcript of CT Page 5302 City of West Haven, Zoning Board of Appeals Decision [transcript].)
 Procedural History
McGovern commenced this appeal on July 10, 2000, by service of process upon John Clifford, chairperson of the ZBA, on the city clerk and on Louis A. Buonfiglio, Jr. and Lillian Buonfiglio. (Sheriff's Return.) The ZBA filed its answer and return of record on August 4, and the Buonfiglios filed their answer on August 9, 2000. McGovern filed her brief on October 16, 2000. The ZBA filed its brief on November 21, 2000 and the Buonfiglios filed a supplemental brief on November 21, 2000. The court,Burns, J., heard the appeal on February 13, 2001. The map was admitted as a full exhibit.
McGovern alleges that she owns parcels of real property known as 782 Ocean Avenue and 241 Connecticut Avenue in West Haven, Connecticut. (Complaint, ¶ 1.) The Buonfiglios own real property known as 788 Ocean Avenue in West Haven, Connecticut. (Complaint, ¶ 1.) McGovern's property abuts the Buonfiglios' property. (Complaint, ¶ 1.) The Buonfiglios' property is located in an R-2 zone. (Complaint, ¶ 3; ROR, Item 1: Buonfiglios' Variance Application [Application].)
On May 17, 2000, the Buonfiglios applied to the ZBA for a variance from the city's zoning regulations, § 2-3.2, which sets forth area and bulk requirements for a lot in the R-2 zone. The regulation requires a minimum front yard setback of thirty feet; a minimum side yard setback of fifteen feet; a minimum rear yard setback of thirty feet; and maximum lot coverage of thirty-five percent. (Zoning Regulations, City of West Haven, § 2-3.2; ROR, Item 1: Application to ZBA.)
On June 21, 2000, a public hearing was scheduled on the Buonfiglios' application for a variance. (ROR, Items 5 and 6: Meeting Notice and transcript.) On June 21, 2000, the ZBA held its hearing on the Buonfiglios' application for a variance, which resulted in the ZBA voting unanimously to grant the variance. (ROR, Item 6: transcript.) McGovern alleges, and all defendants admit, that the ZBA's June 21, 2000 decision was published in the local newspaper on June 27, 2000. (Complaint, ¶ 4; ZBA's Answer, ¶ 4; Buonfiglios' Answer, ¶ 4.) The ZBA did not set forth its reason for granting the variance. (ROR, Item 6: transcript.)
 Jurisdiction
A. Aggrievement
Pleading and proof of aggrievement is a prerequisite to the trial CT Page 5303 court's jurisdiction over the subject matter of a plaintiff's appeal from an administrative agency's decision. Jolly, Inc. v. Zoning Board ofAppeals, 237 Conn. 184, 192, 676 A.2d 831 (1996). In the present case, McGovern alleges aggrievement, claiming that she owns property that abuts the Buonfiglios' property, for which the ZBA granted a variance. (Complaint, ¶¶ 1, 4.) "[A]s used in this section: (1) `Aggrieved person' means a person aggrieved by a decision of a board and includes any officer, department, board or bureau of the municipality charged with enforcement of any order, requirement or decision of the board. In the case of a decision by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, "aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a).
At the time of trial, McGovern testified that she owns the property adjoining the Buonfiglios' property. See Farr v. Zoning Board ofAppeals, 139 Conn. 577, 582, 95 A.2d 792 (1953) (where question of title is not an issue, "prima facie right of ownership may be established by parol evidence from one qualified to speak" and where title is not in actual dispute, "it is inconvenient and pedantic to insist on the production of the instrument itself'). In the present case, the defendants did not raise the issue of McGovern's ownership of the abutting property. "Abundant authority supports the court's ruling in allowing the testimony to prove ownership." Id., 583. Accordingly, the court finds that McGovern owns the property that abuts the Buonfiglios' property and, therefore, McGovern is aggrieved and entitled to bring this appeal.
B. Timeliness and Service of Process
McGovern served process on the chairperson of the ZBA, on the assistant town clerk and on the Buonfiglios on July 10, 2000, which is less than fifteen days after notice of the ZBA's decision was published in the local newspaper on June 27, 2000. This appeal, therefore, is timely and the proper parties were served, pursuant to General Statutes § 8-8
(b), (e).
C. Citation
In administrative appeals, the citation is analogous to the writ used to commence a civil action and directs a proper officer to summon the agency whose decision is being appealed. Tolly v. Department of HumanResources, 225 Conn. 13, 18-19, 621 A.2d 719 (1993); Sheehan v. ZoningCommission, 173 Conn. 408, 413, 378 A.2d 519 (1977) (citation is direction to officer to summon agency whose decision is being appealed). The file contains a proper citation. (Sheriff's Return.) CT Page 5304
 Scope/Standard of Judicial Review
"Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of its legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply." (Brackets omitted; internal quotation marks omitted.) Irwin v. Planning Zoning Commission, 244 Conn. 619, 627, 711 A.2d 675 (1998). "In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [the actions are] unreasonable, arbitrary or illegal. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.)Francini v. Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519
(1994).
"The trial court may not retry the case or substitute its judgment for that of the agency." (Internal quotation marks omitted.) Smith v. ZoningBoard of Appeals, 227 Conn. 71, 80, 629 A.2d 1089, cert. denied,510 U.S. 1164, 114 S.Ct. 1190, 127 L.Ed.2d 540 (1993). The court must review the ZBA's findings to see whether those findings are supported by substantial evidence. Zachs v. Zoning Board of Appeals, 218 Conn. 324,329-30, 589 A.2d 351 (1991). The plaintiff has the burden of proving that the board acted improperly. Francini v. Zoning Board of Appeals, supra,228 Conn. 791.
 Discussion
"Our law governing variances is well settled. [General Statutes §]8-6 (a)(3) provides in relevant part that a zoning board of appeals may determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result inexceptional difficulty or unusual hardship. . . ." (Emphasis in original; internal quotation marks omitted.) Reid v. Zoning Board ofAppeals, 235 Conn. 850, 856-57, 670 A.2d 1271 (1996).
The following facts from the record are pertinent. The Buonfiglios filed an application with the ZBA for a variance from the city's zoning CT Page 5305 regulations. (ROR, Item 1: Application.) The lot that is the subject of the Buonfiglios' application for a variance is 50 feet wide and 125 feet deep and the total lot area is 6,250 square feet. (ROR, Item 1: Application.) The Buonfiglios applied for a variance from § 2-3.2 of the city's zoning regulations, which requires a thirty foot minimum rear setback, a fifteen foot minimum side yard setback and maximum lot coverage of thirty-five percent, in order to construct a garage on the property. (ROR, Item 1: Application to ZBA; City of West Haven zoning regulations, § 2-3.2.) The proposed garage would encroach into the minimum rear and minimum side setback requirements, leaving a one foot side setback between the garage and the abutting property and a one foot front yard setback between the garage and the road. (ROR, Item 1: Application.)[1]
At the hearing on the Buonfiglios' application for a variance, the defendant, Louis Buonfiglio, told the ZBA that he applied for the variance because he has limited parking, as his property abuts a state highway and it is difficult to get vehicles into the driveway. (ROR, Item 6: transcript, page 1.) Buonfiglio also told the ZBA that, because of the high water table, there is a lot of water that runs off Ocean Avenue and his basement floods, despite waterproofing and using sump pumps. (ROR, Item 6: transcript, page 1.) Because of the flooding of his basement, Buonfiglio told the ZBA that he needs more storage. (ROR, Item 6: transcript, page 1.)
The plaintiff's husband, Tim McGovern, spoke in opposition to the Buonfiglios' application at the public hearing before the ZBA on June 21, 2000. (ROR, Item 6: transcript, page 3.) McGovern stated that the proposed garage would be too close to his property and would diminish the esthetic value of the property. (ROR, Item 6: transcript, page 3.) McGovern further said that the reason that the Buonfiglios were requesting the variance is because Louis Buonfiglio recently purchased a new Corvette. (ROR, Item 6: transcript, page 3.)
In rebuttal, Buonfiglio stated at the hearing that he had approached the McGoverns and told them that he was thinking of building a garage in anticipation of buying the Corvette. (ROR, Item 6: transcript, page 4.) Buonfiglio also stated that every place he contemplated putting the garage on his property would require a variance. (ROR, Item 6: transcript, page 4.) The ZBA unanimously granted the Buonfiglios' application for a variance from the pertinent zoning regulation, but failed to record the reasons for its decision. (ROR, Item 6: transcript, vote.).[2]
In her appeal, McGovern alleges that the ZBA acted illegally, arbitrarily, discriminatorily and in abuse of its discretion for several CT Page 5306 reasons, which can be summarized as allegations that the Buonfiglios failed to demonstrate an exceptional difficulty or unusual hardship, as required by General Statutes § 8-6[3] and § 7-6.3 of the West Haven zoning regulations.[4]
On their application for a variance, the specific hardship claimed by the Buonfiglios is "[l]ack of basement storage due to high water table; need storage; [n]o off-street parking, property on State highway; all alternative locations would require a variance." (ROR, Item 1: Application.) At the hearing on the Buonfiglios' application for a variance, Tim McGovern stated that every property owner along the water, including himself, has water in their basement. (ROR, Item 6: transcript, page 3.) In response, Louis Buonfiglio stated that he agreed that persons living close to the water should expect to get some water because of the drainage, but that the water table shifted, causing him to get more water than in the past. (ROR, Item 6: transcript, page 6.) The record fails to show that evidence was offered that the water table had, in fact, shifted, or the magnitude of the change in the amount of water in the Buonfiglios' basement, or how the change in the amount of water, if any, effected the Buonfiglios differently than the effect generally on the district in which the subject property is situated. See General Statutes § 8-6.
Similarly, the record reveals that Louis Buonfiglio testified at the hearing that he had "limited" parking because he lives on a state highway and that it was difficult to get vehicles into the driveway. (ROR, Item 6: transcript, page 1.) The record further shows that one of the vehicles that the Buonfiglios are concerned about parking is a new Corvette. (ROR, Item 6: transcript, pages 4, 6.) The record further reveals, however, that no showing was made that the parking situation is unique to the Buonfiglio property or that failure by the ZBA to grant the variance would deprive the Buonfiglios of any reasonable use of their property. See West Haven zoning regulations, § 7-6.3.
Rather, Louis Buonfiglio offered photographs at the hearing showing a garage on the property next door to him and a storage shed in the back neighbor's yard. (ROR, Item 6: transcript, page 6.) Buonfiglio stated at the hearing that the driveway to the next door neighbor's garage encroaches on his property line a little bit and that the variance he was seeking would be typical and common to everybody else in the neighborhood. (ROR, Item 6: transcript, page 6.) There is no discussion, nor was evidence offered, on the record as to whether all the properties in the area are nonconforming or whether the garages were there before the area became nonconforming or were placed on the properties as a result of the ZBA granting variances or special use permits. The record is devoid of any discussion or evidence that shows that the Buonfiglios' CT Page 5307 property is unique in the area or that the failure of the ZBA to grant the variance would deprive the Buonfiglios of any reasonable use of their property. General Statutes § 8-6; West Haven zoning regulations, § 7-6.3.
Two basic conditions must be satisfied in order for a variance to be granted: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Francini v.Zoning Board of Appeals, supra, 228 Conn. 790. "To establish a hardship under General Statutes § 8-6, an applicant must show not only that he is thwarted in a desired use of land, but also that he is being completely or almost completely deprived of the use of the value of that land. See Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146,151-52, 365 A.2d 387 (1976); Devaney v. Zoning Board of Appeals,132 Conn. 537, 542, 45 A.2d 828 (1946)." Jaser v. Zoning Board ofAppeals, 43 Conn. App. 545, 546 n. 2, 684 A.2d 735 (1996).
"A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . Thus, the power to grant a variance should be sparingly exercised. . . . An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." (Internal quotation marks omitted.) Reidv. Zoning Board of Appeals, supra, 235 Conn. 857.
In the present case, the record demonstrates that the Buonfiglios' claimed hardship was parking and flooding from the water run-off from Ocean Avenue. (ROR, Item 6: transcript, page 1.) The record further demonstrates, however, that the parking and flooding conditions are not peculiar to the area where the Buonfiglios' property is located. Therefore, the court finds that the ZBA's approval of the Buonfiglios' variance application is not supported by the record and that McGovern sustained her burden of proving that the board acted improperly on the basis of the record. Francini v. Zoning Board of Appeals, supra,228 Conn. 791. There is no substantial evidence in the record that the Buonfiglios demonstrated an exceptional difficulty or unusual hardship to justify the ZBA's decision to grant a variance to the city's zoning regulations as applied to the Buonfiglios' property. Reid v. Zoning Boardof Appeals, supra, 235 Conn. 857.
 CONCLUSION
CT Page 5308
For the reasons set forth above, the court sustains the plaintiff's appeal from the defendant ZBA's decision to grant the defendants' variance application.
Robert P. Burns, J.T.R.