[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Sunny Wood is a corporation which owns a tract of real property situated at 3 Rockwell Terrace, 7 Rockwell Terrace, corner of Rockwell Street through to McKinley and 60 Broad Street in the City of Norwich. This parcel of property is located in an MF-8 zone district which allows multi-family residences and convalescent homes.
Sunny Wood currently is operating a 45-bed convalescent home on the property. By application dated CT Page 7133 February 22, 1990, Sunny Wood applied to the ZBA for a special exception under Section 8.3.2 of the Zoning Regulations of the City of Norwich to permit construction of a new convalescent home with a total of 85 beds to replace the existing 45-bed home as well as the conversion of an existing multi-family structure to administrative offices and day care for children of employees. The two-family building located at 3 Rockwell Street will be moved to 7 Rockwell Street and converted to staff housing as the neighbors objected to the structure being demolished because of its historical significance.
At the public hearing on March 13, 1990, two board members, Kay Marshall and Albert LePage, disqualified themselves from hearing this application. The attorney representing the plaintiffs requested a continuance until the next meeting to allow for a full board to hear the application. The ZBA decided to continue consideration of Sunny Wood's special exception until its regular April meeting.
At the regular meeting on April 10, 1990, Sunny Wood presented testimony and evidence was presented to support the special extension. The plan of development was presented to the ZBA; an architect for the project presented pictures and site plans and explained the proposed project in detail; and, a traffic engineer reviewed and submitted a traffic study. Landowners of surrounding properties spoke and presented evidence in opposition to the proposed expansion. Al LePage, a ZBA member who disqualified himself from hearing this matter, spoke in opposition to the application as a neighboring property owner.
The defendant ZBA's decision to deny the special exception was rendered at this regular meeting on April 10, 1990, and became effective on April 12, 1990. Notice of the decision was published in the newspaper on April 12, 1990. Plaintiffs are appealing from this denial by the defendant ZBA.
The plaintiffs are the owners of the subject property and are aggrieved. The plaintiffs have appealed in a timely manner.
The trial court is not at liberty to substitute its judgment for that of the agency, but rather should review the record to determine whether the agency has acted fairly or with proper motives or upon valid reasons. See Frito-Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554, 572-73 (1988); Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707
(1988). The trial court may grant relief only where the agency has acted illegally, arbitrarily, or in abuse of its discretion. Frito-Lay, Inc., 206 Conn. at 573. The plaintiff CT Page 7134 has the burden of proving that the agency acted improperly. Adolphson, 205 Conn. at 707.
Pursuant to section 8-6(2) of the Connecticut General Statutes, the zoning board of appeals has the power to hear and decide special exceptions as provided for by the specific terms of the zoning regulations. Connecticut General Statutes section 8-6(2) (rev'd to 1989). The zoning regulations of the City of Norwich section 19.1.4 vest in the ZBA the power "to hear and decide requests for special exceptions where required by the specific terms of these regulations." Section 8.3.2 of the regulations provides:
 [T]he zoning board of appeals may after public hearing and subject to appropriate safeguards in harmony with the general purpose of this ordinance, grant a special exception for the following uses: (a) any building or use allowed by special exception in R-25, R-17.5 and R-10 residence district, section 8.2.2, hereof.
Pursuant to section 8.2.2 and 8.1.2 the ZBA may grant a special exception for several uses including:
 Convalescent and nursing homes, provided that the lot area is not less than forty-five hundred (4,500) square feet for each person accommodated, including patients and employees, except that where such facility is connected to a public sanitary sewer system the minimum lot area requirement shall be reduced to fifteen hundred (1,500) square feet for each such person so accommodated; and no building is located closer than fifty (50) feet to an existing or proposed residence. (Ord. No. 675, 9-10-73).
Norwich Zoning Regulations, section 8.1.2(d).
At the decision making session of the ZBA's regular meeting on April 10, 1990, a motion was made and seconded that Sunny Wood's request for a special extension be denied. Following a brief discussion of the testimony that was presented at the meeting, the ZBA unanimously passed the motion. The ZBA did not formally state on the record the reasons for its denial. The plaintiffs are appealing on the grounds that the ZBA's denial of the special exception was arbitrary, illegal and in abuse of its discretion in that: (1) the ZBA acted illegally in CT Page 7135 making its decision and allowing a board member, Albert LePage, to speak before the Board in opposition to the application after he had disqualified himself from sitting and hearing this matter in violation of Connecticut General Statutes section 8-11; (2) the Board's decision was rendered without evidence, was not based upon the evidence before it, was contrary to the expert evidence before it and the plaintiffs met all the criteria set forth in the Norwich Zoning Ordinance for approval; and (3) the ZBA's denial of the special exception is tantamount to a confiscation of Sunny Wood's property without due process of law which is an unconstitutional taking.
The plaintiffs contend that LePage, the board member who disqualified himself from hearing this matter, violated Connecticut General Statutes section 8-11 and the Norwich Code of Ethics Article IV, section 2.54 by then speaking at the meeting in opposition to the plaintiffs' application for a special exception. The defendant counters that section 8-11 of the General Statutes does not prohibit a board member from speaking on his own behalf after disqualifying himself, but rather prevents the board member from speaking on behalf of a proponent of the proposal or on behalf of any opponent.
The transcript of the March 13, 1990 public hearing indicates that Albert LePage disqualified himself from sitting on this hearing. At the April 10, 1990 ZBA meeting where the Board resumed consideration of the application for the special exception, the record reflects that LePage appeared as homeowner and a taxpayer rather than a board member, to speak in opposition to the special exception. LePage noted that he lives at 67 Crescent Street which is approximately four hundred feet from the building that is to be built. LePage stated the following:
 Thank you. All I'd like to do is throw my support behind McDonald. I'd like to (inaudible) Doctor Alessi and, I think that's about all I have to say. I just don't understand why they don't have the house on Rockwell Street which are right across the street from that property. It sounds like there's been some Mickey Mousing going on tonight from what I've heard. That's all I'm going to say.
Frank McDonald, a nearby homeowner residing at 1 Rockwell Terrace, spoke in opposition to the proposed expansion and presented a petition with approximately 100 signatures of neighbors who also oppose the expansion. McDonald testified to problems with parking and traffic congestion. The attorney CT Page 7136 representing the plaintiffs objected to a ZBA member speaking in front of his own Board.
Connecticut General Statutes section 8-11 pertains to the disqualification of commission or board members and provides that:
 No member of any zoning commission or board and no member of any zoning board of appeals or of any municipal agency exercising the powers of any zoning commission or board of appeals, whether existing under the general statutes or under any special act, shall appear for or represent any person, firm, corporation or other entity in any matter pending before the planning or zoning commission or board or said board of appeals or any agency exercising the powers of any such commission or board in the same municipality, whether or not he is a member of the board or commission hearing such matter. No member of any zoning commission or board and no member of any zoning board of appeals shall participate in the hearing or decision of the board or commission of which he is a member upon any matter in which he is directly or indirectly interest in a personal or financial sense. In the event of such disqualification, such fact shall be entered on the records of the commission or board and, unless otherwise provided by special act, any municipality may provide by ordinance that an elector may be chosen, in a manner specified in the ordinance, to act as a member of such commission or board in the hearing and determination of such matter, except that replacement shall first be made from alternate members pursuant to the provisions of section 8-1b and 8-5a.
Mr. LePage was a member of the board. Although he had removed himself from the actual decision making proceedings, he let his fellow commissioners know of his interest. He called upon his fellow commissioners to protect his property. Board members should not be permitted to jump from one side of the table to the other when matters affect their personal interest. The statute was meant to prevent a relationship wherein a board member speaking as a taxpayer at a hearing will get special consideration. The statute was meant to prevent "Now you owe me CT Page 7137 one"; "One hand washes the other": or "We take care of our own" syndrome or the appearance of the same.
When a commissioner removes himself, steps to the other side of the table, and states that "there's been some Mickey Mousing going on tonight" weakens public confidence and undermines the sense of security which property owners must feel. Daly v. Town Planning and Zoning Commission of Town of Fairfield, 150 Conn. 495, 191 A.2d 250 (1963) and Mills v. Town Plan and Zoning Commission of Town of Windsor, 144 Conn. 493,134 A.2d 250 (1957). This court is not concluding, assuming nor implying that Mr. LePage had any other purpose or motive but to speak as a citizen and taxpayer. Nor is this court concluding, assuming nor implying that the board members weighed or considered Mr. LePage's comment differently because he was a non-sitting fellow member of the ZBA. Such findings and determination need not be made. All of the parties concerned may well have been acting in good faith. "The good faith of the official is of no moment because it is the policy of the law to keep him so far from temptation as to insure the exercise of unselfish public interest. He must not be permitted to place himself in a position in which personal interest may conflict with his public duty." Low v. Madison, 135 Conn. 1, 8 (1948).
The second part of section 8-11 in pertinent part states:
 No member. . . of any zoning board of appeal shall participate in the hearing or decision of the board. . . of which he is a member upon any matter in which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense.
Mr. LePage is a member of the ZBA of the town of Norwich. He disqualified himself from sitting.
He had a personal and or financial interest in so far as it would affect the nearby real estate which he owned.
He participated in the hearing.
Connecticut General Statutes section 8-11 has been violated. The Board action is contrary to law. The decision of the Board of Appeals is null and void and this appeal is referred back to the Board of Appeal for further proceeding not inconsistent with this decision.
J. F. Walsh, J. CT Page 7138