## VERNON STANCUNA *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WALLINGFORD ET AL.
### (AC 20902)

Foti, Dranginis and Hennessy, Js.

Argued June 7—officially released October 30, 2001

*Hugh I. Manke*, with whom, on the brief, was *Michael J. Brandi*, for the appellant (plaintiff).

*Gerald E. Farrell, Sr.*, assistant town attorney, for the appellee (named defendant).

*E. James Loughlin*, for the appellee (defendant Richard Stevens).

*Opinion*

DRANGINIS, J. The plaintiff, Vernon Stancuna, appeals from the judgment of the trial court dismissing his appeal from the decision by the defendant zoning board of appeals of the town of Wallingford (board), granting the application by the defendant Richard Stevens for a variance. The plaintiff claims that the court improperly concluded that (1) Stevens had established a hardship, (2) the existence of a nonconformity was a proper basis for a finding of legal hardship and (3) the variance at issue did not violate the prohibition against the expansion of nonconforming uses. We affirm the judgment of the trial court.

The following facts and procedural history are necessary for our resolution of the plaintiff's appeal. The

plaintiff is the owner of property at 464 North Colony Road in Wallingford. Stevens is the owner of property at 468 North Colony Road that abuts the plaintiff's property and is the subject of this dispute. The decision at issue in this appeal is the second of two decisions the defendant board made within a four month period concerning the subject property and involving essentially the same side yard variance.

On March 10, 1998, Stevens filed an application for a zoning variance with the board. At the time of filing, Stevens had an option to buy the subject property, which is located in a zone that requires a twenty foot side yard setback. The first application sought a variance from the side yard setback requirement of twenty feet, which is imposed by section 5.1B of the Wallingford zoning regulations. The variance would allow Stevens to construct a new commercial building with side yards of three feet on the plaintiff's side of the property and nine feet for the other side yard. That first application was denied. No appeal was taken from that denial. The court noted that although the record is not clear, the denial of the first application may have been based on some confusion by the board as to whether the hardship claimed by Stevens was economic or noneconomic.

On June 26, 1998, Stevens filed a second application to the board for a variance seeking from the required twenty foot side yard setbacks to thirteen feet on the south side, which is the plaintiff's side, and to three feet on the north side. The board conducted a public hearing on this application on July 8, 1998. The board granted the variance on July 15, 1998. The plaintiff appealed from that decision to the Superior Court, which dismissed his appeal. This appeal followed.

Our standard of review is well established. "[C]ourts are not to substitute their judgment for that of the board,

and . . . the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . ." (Internal quotation marks omitted.) *Jaser* v. *Zoning Board of Appeals*, 43 Conn. App. 545, 547, 684 A.2d 735 (1996). The trial court's function is "to determine on the basis of the record whether substantial evidence has been presented to the board to support [the board's] findings. . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Where the board states its reasons on the record we look no further." (Citations omitted; internal quotation marks omitted.) Id., 547–48. "Where, however, the board has not articulated the reasons for its actions, the court must search the entire record to find a basis for the board's decision. *Grillo* v. *Zoning Board of Appeals*, 206 Conn. 362, 369, 537 A.2d 1030 (1988); *Parks* v. *Planning & Zoning Commission*, 178 Conn. 657, 662, 425 A.2d 100 (1979). More specifically, the trial court must determine whether the board has acted fairly or with proper motives or upon valid reasons. . . . *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 206, 658 A.2d 559 (1995). We, in turn, must determine whether the court properly concluded that the board's decision to grant the variance was arbitrary, illegal or an abuse of discretion. Id., 205–206." (Internal quotation marks omitted.) *Norwood* v. *Zoning Board of Appeals*, 62 Conn. App. 528, 532, 772 A.2d 624 (2001).

"General Statutes § 8-6 (a) (3) provides that zoning boards of appeal may vary the application of zoning regulations if (1) the variance is shown not to affect substantially the comprehensive plan and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to carrying out the general purpose of the plan. *Pike* v. *Zoning Board of Appeals*, 31 Conn. App. 270, 273, 624 A.2d 909 (1993),

citing *Grillo* v. *Zoning Board of Appeals*, supra, 206 Conn. 368. The statute provides that the board may grant variances with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . . To support a variance, therefore, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control. . . . The applicant bears the burden of demonstrating the existence of a hardship." (Internal quotation marks omitted.) *Norwood* v. *Zoning Board of Appeals*, supra, 62 Conn. App. 532–33.

I

The plaintiff first claims that the court improperly concluded that a legal hardship existed that permitted the granting of a variance. Specifically, the plaintiff claims that the court improperly determined that the side yard encroachment constituted a legal hardship rather than an economic or personal hardship. We disagree.

The court in its memorandum of decision stated: "The Wallingford zoning board of appeals granted Stevens' application for a variance dated June 26, 1998, stating as the reason, '[e]liminate a problem because property predates zoning.' A careful review of the record indicates that this reason is legally and reasonably supported. The record reveals that the lot does predate zoning. Therefore, the imposition of twenty foot side yard setbacks would create an unusual hardship. Further, the granting of the application for variance is within the purview of § 8-6 (a) (3) in several respects.

Granting the variance was consistent with the comprehensive zoning plan as it would eventually eliminate a residential use in a commercial zone. Further, granting the application, the public health, safety, convenience and welfare as expressed by the public safety director and the state traffic commission was conserved in the following respects:

"a.) Eliminate a curb cut on North Colony Road

"b.) Improved vehicular access to the subject premises and 478 North Colony Road

"c.) Improved off street parking and off loading, etc., at the subject property and 478 North Colony Road."

"Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. *Point O'Woods Assn., Inc.* v. *Zoning Board of Appeals*, 178 Conn. 364, 368, 423 A.2d 90 (1979); *Ward* v. *Zoning Board of Appeals*, [153 Conn. 141, 143, 215 A.2d 104 (1965)]; *Kelly* v. *Zoning Board of Appeals*, [21 Conn. App. 594, 598, 575 A.2d 249 (1990)]. A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; *Krejpcio* v. *Zoning Board of Appeals*, [152 Conn. 657, 662, 211 A.2d 687 (1965)]; and neither financial loss nor the potential for financial gain is the proper basis for granting a variance. *Garibaldi* v. *Zoning Board of Appeals*, 163 Conn. 235, 239, 303 A.2d 743 (1972).

"In order to determine whether the board properly granted the subject variance, we must first consider whether the board gave reasons for its action. *Scalzo* v. *Danbury*, 224 Conn. 124, 129, 617 A.2d 440 (1992). . . . Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under

the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it. . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action. . . . *Protect Hamden/North Haven from Excessive Traffic & Pollution, Inc.* v. *Planning & Zoning Commission*, 220 Conn. 527, 544, 600 A.2d 757 (1991). Where a zoning board of appeals does not formally state the reasons for its decision, however, the trial court must search the record for a basis for the board's decision. *Connecticut Resources Recovery Authority* v. *Planning & Zoning Commission*, 225 Conn. 731, 743, 626 A.2d 705 (1993)." (Citation omitted; internal quotation marks omitted.) *Bloom* v. *Zoning Board of Appeals*, supra, 233 Conn. 207–208.

Applying our standard of review, we conclude that the court properly found that Stevens' claimed hardship is legal and not economic or self-created. There was a valid basis for granting his variance because adherence to the strict letter of the zoning regulation would cause unusual hardship. Without the variance, the twenty foot setback requirement on the defendant's fifty foot lot would limit him to constructing a ten foot wide building in a commercial zone. As the board reasoned, without the variance, the twenty foot setback would effectively perpetuate the property's present nonconforming use, a single-family residence in a commercial zone. We conclude that the court properly sustained the board's decision that there is a valid hardship basis for granting the variance.

II

The plaintiff's second claim is that the court improperly concluded that the existence of a nonconforming use was a proper basis for a finding of legal hardship. We disagree.

As a threshold matter, we disagree with the plaintiff's characterization of the court's conclusion. The court did not conclude that the nonconforming use was the basis for the board's finding of a legal hardship. Rather, the court concluded that the record revealed that the lot predated zoning, that granting the variance was consistent with the comprehensive zoning plan, and that granting the variance promoted the public health, safety, convenience and welfare of the area. The court also concluded that the use of the property was residential in a commercial zone and that this use was nonconforming.

That a variance will eliminate a nonconforming use constitutes independent grounds for sustaining the granting of a variance. *Adolphson* v. *Zoning Board of Appeals*, 205 Conn. 703, 710, 535 A.2d 799 (1988). In this case, the variance eliminates the nonconforming residential use of the property and allows a commercial use in a commercial zone. The property is in a commercial zone. Currently occupying the property is a single-family house that is to be torn down prior to the construction of a new building. Single-family houses are not permitted in that commercial zone, so the existing structure represents a nonconforming use.

The variance is in keeping with the town's comprehensive plan. See id. The changes appurtenant to the variance will conserve the public health, safety and welfare of the surrounding neighborhood. The record in this case demonstrates various support for the board's decision to grant the variance. We conclude that the court's determination with respect to eliminating a nonconforming use provides additional support for its judgment affirming the board's decision.

## III

The plaintiff next claims that the court improperly held that the variance did not violate the prohibition

against the expansion of nonconforming uses. We disagree.

Generally, there normally are two methods under zoning regulations by which an owner may legally use his property in a nonpermitted manner. First, his property may qualify under the regulations for the continuance of a nonconforming use after the adoption of zoning. Second, he may thereafter obtain a variance of use from the zoning board of appeals. See id. "A nonconformity is a use or structure prohibited by the zoning regulations but is permitted because of its existence at the time the regulations are adopted. . . . On the other hand, a variance is a prohibited use or structure that is permitted by the board, pursuant to its authority under the regulations." (Citation omitted.) Id.

In this case, the court did not conclude that the variance was an expansion of a nonconformity. Rather, it concluded that the board had properly granted the variance. The board did not allow for a continuance and expansion of the nonconforming use, rather, it granted Stevens' application for a variance under the applicable regulations. The defendant is not increasing the size of the existing structure or building a larger one at the same location. Therefore, no expansion of the nonconforming use can occur. The existing house is to be razed and replaced with a new structure at a different location on the property. The variance application was submitted for the board's consideration as if the lot were vacant. As a vacant lot, no expansion of a nonconforming use could occur. The court properly concluded that the board had properly granted the variance.

The judgment is affirmed.

In this opinion the other judges concurred.