## THOMAS B. SCHULHOF ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF NORWALK ET AL.
## (AC 34270)

DiPentima, C. J., and Lavine and Bishop, Js.

ade any public highway, street, or private right-of-way temporarily while at such scene . . . ."

Argued February 19—officially released July 30, 2013

*Louis Ciccarello*, for the appellants (named plaintiff et al.).

*Vernon C. Miller, Jr.*, for the appellee (defendant Cedar Hammocks, LLC).

*Robert F. Maslan, Jr.,* corporation counsel, with whom, on the brief, was *Brian L. McCann,* associate corporation counsel, for the appellee (named defendant).

*Opinion*

LAVINE, J. Following this court's granting of their petition for certification to appeal, the plaintiffs Thomas B. Schulhof and Anne K. Schulhof[1] appealed from the judgment of the trial court dismissing their appeal from a decision of the defendant zoning board of appeals of the city of Norwalk (board). On appeal, the plaintiffs claim that the court improperly sustained the board's decision to grant an application for a setback variance filed by the defendant Cedar Hammocks Island, LLC (owner), which owns Cedar Hammocks Island (island). The plaintiffs claim that the court improperly sustained the board's decision on the basis of (1) hardship,[2] (2) the independent ground of nonconforming use, and (3) its personal knowledge of the Connecticut shoreline. We conclude that the trial court properly affirmed the board's decision on the basis of hardship.

The following procedural history is relevant to our resolution of the plaintiffs' appeal. In 2009, the owner filed an application for a zoning variance (2009 application) to replace an existing nonconforming structure with a boathouse on the island. The board denied the 2009 application. In 2010, after modifying its plans, the owner submitted another application again seeking a setback variance (2010 application), which the plaintiffs

---

[1] The following individuals were plaintiffs in the trial court but are not parties to this appeal: Richard L. Barovick, David R. Carlucci, Debra H. Carlucci, Michael Jaharis, Linda Hicklin Morgens, John F. Megrue, Lizanne G. Megrue, William H. Miller, Jr., Robert D. Ready, Jane W. Ready, and Jill A. Hanau. In this opinion, we refer to Thomas B. Schulhof and Anne K. Schulhof as the plaintiffs.

[2] More specifically, the plaintiffs claim that the hardship is not unusual, unique, or in harmony with Norwalk's comprehensive zoning plan.

opposed. The board granted the 2010 application, and the plaintiffs appealed to the Superior Court. Following an evidentiary hearing, the court, *Tobin, J.*, found that the plaintiffs were aggrieved by the board's decision. The merits of the appeal were then heard by the court, *Hon. A. William Mottolese*, judge trial referee,[3] which found that the board properly had granted the owner's 2010 application for a setback variance on the basis of hardship and that the variance does not substantially affect Norwalk's comprehensive zoning plan. The court therefore dismissed the plaintiffs' appeal.

The court found the following facts. The plaintiffs are residents of the Wilson Point area of Norwalk, which lies adjacent to Long Island Sound and overlooks the Norwalk Island Chain,[4] including the subject island. The island is crescent shaped and 0.23 acre in size. In 1973, an eight feet by twelve feet wooden building (existing structure) was constructed on the island, which also contains a dock or boat landing. In 1974, the zoning classification of the island changed from B residence zone to "Island Conservation Zone" (conservation zone). See Norwalk Zoning Regs., § 118-300.[5] The uses

[3] On appeal to the Superior Court, all of the plaintiffs alleged that the board acted improperly in granting the 2010 application because (1) it lacked jurisdiction to consider the 2010 application, (2) the 2010 application violated the prior application rule; see *Grasso* v. *Zoning Board of Appeals*, 69 Conn. App. 230, 244–46, 794 A.2d 1016 (2002) (rule explained); (3) the variance granted violates the nonconformity provisions of the zoning regulations of the city of Norwalk, (4) there was no proof of hardship, and (5) the variance granted is not in harmony with Norwalk's comprehensive zoning plan. The court concluded that the board properly considered the 2010 application and that the application did not violate the prior application rule. On appeal to this court, the plaintiffs do not challenge the court's determinations regarding jurisdiction and the prior application rule.

[4] There are twenty-five islands in the Norwalk Island Chain ranging in size from fifty-nine acres to less than one acre.

[5] Section 118-300 A of the Norwalk Zoning Regulations provides: "Declaration of necessity and purpose.

"(1) It is declared that a need has developed for the protection of the fragile environment of the Norwalk Islands while permitting their development for limited residential uses.

permitted in the conservation zone are one-family dwellings, parks and playgrounds, and boathouses, landings and docks that are not operated as a business. Norwalk Zoning Regs., § 118-300 C (1). The minimum lot size in the conservation zone is two acres per dwelling unit.[6] Norwalk Zoning Regs., § 118-300 C (2). The existing structure does not conform to the mean high water setback in the conservation zone, save for the southerly setback. See Norwalk Zoning Regs., § 118-800 D.[7] The court further found that the 2010 application called for the removal of the existing structure and construction of a 666 square foot boathouse in a different location on the island. In order to construct the boathouse, the owner needed a variance of the fifty foot setback from the mean high water mark. See Norwalk Zoning Regs., § 118-300 C (4).[8]

On appeal to the Superior Court, the plaintiffs challenged the board's granting of the 2010 application permitting the owner to construct the boathouse because

---

"(2) In order to permit such development and to protect the islands, the following provisions are declared to be necessary to the public interest."

[6] The lot requirement in the B residence zone is a minimum of 6250 square feet.

[7] Section 118-800 D of the Norwalk Zoning Regulations provides in relevant part: "(1) A nonconforming structure shall not be enlarged or altered if the result would be an increase in the extent to which the structure does not conform to these regulations. A nonconforming structure may be enlarged or altered, provided that the enlargement or alteration conforms to these regulations. . . .

"(2) A nonconforming structure shall not be moved unless, as a result of the move, the structure is made to conform to these regulations.

"(3) Where a change of use would create new setbacks, any structure which lawfully existed before such change shall be rendered legally nonconforming, provided that the existing structure is effectively screened from adjacent properties, subject to the satisfaction of the Zoning Inspector."

[8] Section 118-300 C (4) of the Norwalk Zoning Regulations, entitled "Yards," provides in relevant part: "NOTE: No main structure shall be located closer than fifty . . . feet from the mean high-water line, and all accessory structures, if located within fifty . . . feet of the mean high-water line, shall be constructed in such manner as to permit the free flow of pedestrians and tidal waters along the beach or shores."

the variance fails to comply with the setback requirements and violates § 118-800 D of the of the Norwalk Zoning Regulations, which prohibits a nonconforming structure from being enlarged. The board did not articulate its reason for granting the 2010 application, and thus the court searched the record to determine the basis of the board's decision. See *Norwood* v. *Zoning Board of Appeals*, 62 Conn. App. 528, 532, 777 A.2d 624 (2001) (when board fails to articulate reason for action, court must search record to find basis of board's decision).

Before addressing the plaintiffs' claims, we review the well established standard of review applicable to zoning appeals. "[C]ourts are not to substitute their judgment for that of the board, and . . . the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . ." (Internal quotation marks omitted.) *Jaser* v. *Zoning Board of Appeals*, 43 Conn. App. 545, 547, 684 A.2d 735 (1996). "The trial court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support [the board's] findings. . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Where the board states its reasons on the record we look no further. . . . Where, however, the board has not articulated the reasons for its actions, the court must search the entire record to find a basis for the board's decision. . . . More specifically, the trial court must determine whether the board has acted fairly or with proper motives or upon valid reasons. . . . We, in turn, must determine whether the court properly concluded that the board's decision to grant the variance was arbitrary, illegal or an abuse of discretion." (Citations omitted; internal quotation

marks omitted.) *Stancuna* v. *Zoning Board of Appeals*, 66 Conn. App. 565, 568, 785 A.2d 601 (2001).

Because the court, in interpreting the regulations, made conclusions of law in its memorandum of decision, our review is plenary. See *Raymond* v. *Zoning Board of Appeals*, 76 Conn. App. 222, 229, 820 A.2d 275, cert. denied, 264 Conn. 906, 826 A.2d 177 (2003). The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision in this case, the plaintiffs. See id.

General Statutes § 8-6 (a), which sets forth the powers and duties of a zoning board of appeals, provides in relevant part: "The zoning board of appeals shall . . . (3) . . . determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. . . ." See also Norwalk Zoning Regs., § 118-1410.[9]

---

[9] Section 118-1410 A of the Norwalk Zoning Regulations provides in relevant part: "The Board of Appeals may, in specific cases, after public hearing and subject to appropriate conditions and safeguards . . .

"(3) Vary any requirement of these regulations in harmony with their general purpose and intent, so that substantial justice may be done. This authority shall be exercised in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations. To grant a variance, the Zoning Board of Appeals shall adopt a resolution which shall stipulate the reasons for granting the variance."

"To support a variance . . . a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control. . . . The applicant bears the burden of demonstrating the existence of a hardship." (Internal quotation marks omitted.) *Norwood* v. *Zoning Board of Appeals*, supra, 62 Conn. App. 533. "Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. . . . A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance . . . and neither financial loss nor the potential for financial gain is the proper basis for granting a variance." (Citations omitted; internal quotation marks omitted.) *Stancuna* v. *Zoning Board of Appeals*, supra, 66 Conn. App. 570.

I

The plaintiffs claim that the court improperly sustained the board's granting of the 2010 application for a setback variance on the basis of a hardship that is not unusual, unique or in harmony with Norwalk's comprehensive zoning plan. We do not agree.

In its memorandum of decision, the court found that the plaintiffs grounded their appeal in § 18-800 D of the Norwalk Zoning Regulations,[10] which they asserted

---

[10] Section 118-800 of the Norwalk Zoning Regulations provides in relevant part: "A. Purpose and intent. There exists throughout Norwalk lawful lots, structures and uses of land and structures which are nonconforming because they do not comply with these regulations as originally adopted or subsequently amended. The purpose of this regulation is to permit nonconformities to continue, but to strictly limit the extent to which nonconformities may be established, continued, expanded or altered. This regulation is intended to bring nonconforming uses into conformity with the regulations as quickly as the fair interests of the parties will permit. . . .

"D. Nonconforming structures.

"(1) A nonconforming structure shall not be enlarged or altered if the result would be an increase in the extent to which the structure does not conform to these regulations. A nonconforming structure may be enlarged or altered, provided that the enlargement or alteration conforms to these regulations . . . .

" 'prohibits a nonconforming structure from expansion, movement, or enlargement where the result is an increase in the nonconformity.' " The plaintiffs reasoned that the board's granting the 2010 application for a setback variance was unlawful because (1) the 2010 application proposed the relocation of a prior nonconforming structure and (2) the limits imposed by § 118-800 D may not be varied pursuant to § 8-6 (a) (3). The court construed § 118-800 D and determined that the terms "enlarged," "altered," and "moved" apply to existing nonconforming structures only, not to a new structure as proposed in the 2010 application. The court also found the plaintiffs' position with regard to § 8-6 (a) (3) unpersuasive because the statute's prohibition against variances applies only to use variances, not to setback or location variances. Moreover, the court found that the existing structure is nonconforming as it is neither a single-family dwelling nor a boathouse. See Norwalk Zoning Regs., § 118-300 C (1) (a) and (c).

The court then directed its attention to whether the board properly granted the 2010 application on the basis of hardship. The court found that § 118-300 C (4) of the Norwalk Zoning Regulations prescribes setbacks of fifty feet from the mean high water mark in the conservation zone. See footnote 8 of this opinion. None of the setbacks for the boathouse proposed in the 2010 application—23.55 feet from the north, 27.78 feet from the south, 25.81 feet from the east and 20.67 feet from the west—conform to the setback requirement. The court concluded that the setback from the mean high water mark was a hardship created in 1974 when the classification of the island changed from B residence zone to

"(2) A nonconforming structure shall not be moved unless, as a result of the move, the structure is made to conform to these regulations.

"(3) Where a change of use would create new setbacks, any structure which lawfully existed before such change shall be rendered legally nonconforming, provided that the existing structure is effectively screened from adjacent properties, subject to the satisfaction of the Zoning Inspector."

conservation zone, and that the reclassification occurred when the island was owned by someone other than the owner. The court noted, citing *Lawrence Memorial Hospital, Inc.* v. *Zoning Board of Appeals*, 22 Conn. App. 291, 300, 577 A.2d 740 (1990), that "if the hardship is created by the enactment of a zoning ordinance and the owner of the parcel could have sought a variance, then the purchaser has the same right to seek a variance and, if [its] request is supported in law, to obtain the variance. . . . Otherwise the zoning ordinance could be unjust and confiscatory." (Internal quotation marks omitted.) Moreover, the court found that the fifty foot setback lines overlap, effectively preventing any structure from being built on the island. This court upheld a similar variance in *Eagan* v. *Zoning Board of Appeals*, 20 Conn. App. 561, 564–65, 568 A.2d 811 (1990) (enforcement of setback requirement would preclude house of any size on lot).

The court concluded that the hardship derived from the 1974 zoning reclassification that adopted a fifty foot mean high water setback and that the size, shape, and topography of the island prevent any structure, other than a dock or boat landing, from being erected on the island. The court also found that granting the 2010 application for a setback variance would not substantially affect the Norwalk comprehensive zoning plan as the boathouse is designed to store three small boats, which is in harmony with the purpose of the conservation zone. See footnote 5 of this opinion.

On appeal here, the plaintiffs claim that the basis of the hardship is not the size of the island, but the personal preference of the owner to remove the existing structure and build a boathouse.[11] They contend that the

---

[11] The record demonstrates that the existing structure does not comply with building, health, electrical and coastal flooding codes or Federal Emergency Management Agency and Coastal Area Management regulations. Those regulations preclude reconstruction and the location and height of the existing structure. The proposed boathouse will comply with building

regulations permit the owner to use the island for a dock, but not to build a structure in which to store boats or spend the night. The plaintiffs' argument overlooks the fact that the size of the lot on the island is legally nonconforming and that the regulations permit boathouses in the conservation zone.

"A variance constitutes permission to act in a manner that is otherwise prohibited under the zoning law of the town. . . . The Norwalk zoning regulations strictly limit the extent to which structural nonconformities may be expanded or altered. Norwalk Zoning Regs., § 118-800." (Citation omitted.) *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 206, 658 A.2d 559 (1995). "An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." (Internal quotation marks omitted.) Id., 207. Our Supreme Court has held that § 8-6 authorizes a zoning board of appeals to grant a variance only when (1) the variance will not substantially affect the comprehensive zoning plan and (2) adherence to the strict letter of the zoning ordinances causes unusual hardship unnecessary to carry out the general purposes of the zoning plan. Id.

In this case, the court properly found a hardship existed in that the small size, shape, and topography of the island, and the 1974 setback requirements rendered it impossible to build any permitted structure on the island because the setback lines from the mean high water mark overlap. See, e.g., *Stancuna* v. *Zoning Board of Appeals*, supra, 66 Conn. App. 565. The island is a legally nonconforming buildable lot. Section 118-300 C (1) (c) of the Norwalk Zoning Regulations permits

codes, be situated farther above the mean high water mark and be anchored with breakaway foundation walls that comply with the federal regulations.

boathouses in the conservation zone. The court properly concluded that without a setback variance, there is no place on the island for the owner to construct a boathouse and that strict adherence to the setback regulations would greatly decrease the value of the island for a permitted use, i.e., a boathouse. See *Culinary Institute of America, Inc.* v. *Board of Zoning Appeals*, 143 Conn. 257, 262, 121 A.2d 637 (1956).[12]

The plaintiffs' argument that the variance constitutes an enlargement of a nonconforming structure overlooks the fact that the existing structure is to be demolished and the boathouse situated at a higher elevation on the island. In *Stancuna* v. *Zoning Board of Appeals*, supra, 66 Conn. App. 573, this court concluded that the board in that case "did not allow for a continuance and expansion of the nonconforming use, rather, it granted [the defendant's] application for a variance under the [setback] regulations. The defendant is not increasing the size of the existing structure or building a larger one at the same location. Therefore, no expansion of the nonconforming use can occur. The existing house is to be razed and replaced with a new structure at a different location on the property. The variance application was submitted . . . as if the lot were vacant." The same reasoning applies in the present case where the existing nonconforming structure is to be taken down and a

---

[12] In their brief to this court, the plaintiffs rely on *Grillo* v. *Zoning Board of Appeals*, 206 Conn. 362, 537 A.2d 1030 (1988), for the proposition that a claim of hardship will be denied where there are alternative uses for the land. *Grillo* is factually different from this case as the variance requested there was sought in order to sell the middle of two adjoining lots to the neighbor on the opposite side. Id., 363–64. Our Supreme Court determined that the middle lot could be used as a side yard. Id., 370–71.

The plaintiffs also rely on *Norwood* v. *Zoning Board of Appeals*, supra, 62 Conn. App. 528, in support of their argument that diminution in property value does not ordinarily constitute hardship. Id., 534. There is no claim of *personal* hardship due to diminution in property value at issue in this case. The basis of the hardship claimed is the size, shape and topography of the island.

boathouse, a permitted use in the conservation zone, is to be constructed.

We also agree that the hardship is unique to an island too small to accommodate the setback from the mean high water mark. The court found that the island is one of the smallest of the Norwalk Islands; some of the larger islands range in size from forty to fifty-nine acres and many of them are improved with one-family dwellings served by landings and docks. "Topographic conditions on the property involved in the application may be the basis for granting a variance, as long as other properties in the area do not have the same problem." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (3d Ed. 2007) § 9.3, p. 245. In this instance, the island is disadvantaged by its size when compared to the larger islands. If the setbacks were strictly applied to the island, no structure could be built on it. When strict adherence to zoning regulations effectively prohibit construction of a permitted use, a variance is proper. See *Eagan* v. *Zoning Board of Appeals*, supra, 20 Conn. App. 564.

The plaintiffs also claim that the court improperly concluded that the variance is in harmony with the comprehensive zoning plan. Although the plaintiffs concede that boathouses are a use permitted in the conservation zone, they contend that the analysis of whether the variance comports with the comprehensive zoning plan should go beyond "mere" compliance with one of the several permitted uses in the conservation zone. The substance of the plaintiffs' argument is that the variance constitutes the expansion of a nonconformity, a claim we have rejected.

The Norwalk zoning regulation's declaration of the necessity and purpose of the conservation zone identified the need to protect "the fragile environment of the Norwalk Islands while permitting their development for

limited residential uses" and provided that "to permit such development and to protect the islands, the following provisions are declared necessary to the public interest."[13] See Norwalk Zoning Regs., § 118-300 A. The plaintiffs have not presented any substantive analysis or law to demonstrate that the construction of a small boathouse on the island is adverse to the fragile environment of the Norwalk Islands or how it is not in the public interest. Their analysis is limited to noting the three ways in which the proposed boathouse fails to conform to the Norwalk zoning regulations: lot size, yard setback, mean high water setback. They ask at what point a variance impairs the comprehensive zoning plan. Our answer is: Not in this case. The island is too small to conform to the two acre lot minimum of the conservation zone, and the building lot is legally nonconforming. The argument that the variance does not conform to the twenty-five foot yard setback defies reason as there is no yard from which to setback. The subject property is an island owned by one person; the plaintiffs' property is 1800 feet away over a body of water. The setbacks from the mean high water mark overlap, which, if enforced, prevent any structure from being built on the island.

The plaintiffs' claims also fail to consider that the granting of the setback variance is only one step in the process to securing permission to construct the boathouse on the island. Before it may construct the boathouse, the owner must secure a special permit to

---

[13] In granting the 2010 application, the board imposed the following conditions: "no heavy equipment will be used on the island, no blasting be permitted during the construction, any tree removal be done only with prior approval of the Planning and Zoning, an approved Conservation Plan be put in place prior to start of construction that's approved by Coastal Area Management, Planning and Zoning, that the existing construction of the house, the porch and the patio be completely demolished prior to start of construction and that any, arches necessary for the construction be taken away prior to the end of each day of construction."

do so. See Norwalk Zoning Regs., § 118-300 D.[14] The zoning regulations therefore provide further protection of the conservation zone. The plaintiffs have failed to demonstrate that the variance does not conform to Norwalk's comprehensive zoning plan. Moreover, the plaintiffs have failed to demonstrate why a small structure on the island affects the comprehensive zoning plan any more than the dwelling houses on the larger Norwalk Islands.

We therefore conclude that the plaintiffs have not carried their burden to demonstrate that the board acted improperly by granting the 2010 application for a setback variance. See *Raymond* v. *Zoning Board of Appeals*, supra, 76 Conn. App. 229.

## II

The plaintiffs also claim that the court improperly dismissed their appeal by relying on (1) an independent ground not raised by the parties[15] and (2) its personal knowledge of the Connecticut shoreline.[16] We need not reach these claims to resolve the appeal. Even if we were to agree with the plaintiffs' claims, any error is harmless in light of the court's having found that the board properly granted the 2010 application on the grounds of hardship and substantial conformity with the comprehensive zoning plan. See *LaBow* v. *LaBow*, 69 Conn. App. 760, 761 n.2, 796 A.2d 592 (upholding

[14] Section 118-300 D of the Norwalk Zoning Regulations provides in relevant part: "The construction of an attached or detached one-family dwelling in the Island Conservation Zone shall be permitted by Special Permit in accordance with the provisions of Article 140, § 118-1450. Additions of less than five hundred . . . square feet, modifications to existing structures and accessory uses and structures shall be exempt from a Special Permit."

[15] See *Bloom* v. *Zoning Board of Appeals*, supra, 233 Conn. 203–204, for a discussion of a trial court's basing its decision on an independent ground.

[16] See *Raymond* v. *Zoning Board of Appeals*, supra, 76 Conn. App. 239, for a discussion of the trial court's use of its personal knowledge that is outside the record to decide a zoning appeal.

right decision although founded on wrong ground), cert. denied, 261 Conn. 903, 802 A.2d 853 (2002).

The judgment is affirmed.

In this opinion the other judges concurred.