******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FRANCES ERICA LANE, INC. *v.* BOARD OF ZONING
APPEALS OF THE TOWN OF STRATFORD
(AC 35439)

DiPentima, C. J., and Keller and Borden, Js.

*Argued December 4, 2013—officially released April 1, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, Hon. Howard T. Owens, Jr., judge trial
referee.)

*Barry C. Knott*, with whom was *Kathleen M. Dunn*, for the appellant (plaintiff).

*Christopher J. Smedick*, with whom, on the brief, was *James Cresswell*, for the appellee (defendant).

*Opinion*

BORDEN, J. The plaintiff, Frances Erica Lane, Inc., appeals, following our grant of certification, from the trial court's judgment dismissing its appeal from the denial of its petition for a variance to reduce a wetlands minimum setback requirement from fifty feet to zero feet by the defendant, the Board of Zoning Appeals of the Town of Stratford. In this appeal, the plaintiff claims that the court improperly dismissed its appeal because (1) the defendant did not have subject matter jurisdiction over the plaintiff's petition for a variance, and (2) the plaintiff established that it suffered an unusual hardship. We disagree and, accordingly, affirm the judgment of the trial court.

As part of a proposed subdivision, the plaintiff planned to construct a road and two driveways across 1300 square feet of wetlands located on its property. The plaintiff applied to, and successfully obtained a permit from, the Inland Wetlands and Watercourses Commission of the Town of Stratford (wetlands commission) to construct the road and driveways. Subsequently, the plaintiff petitioned the defendant for a variance from § 3.14 of the Stratford Zoning Regulations, which was necessary to build the road and driveways within fifty feet of the wetlands located on the plaintiff's property. The defendant denied the requested variance. The plaintiff subsequently appealed the defendant's decision to the trial court, raising two claims. Principally, the plaintiff claimed that the defendant lacked subject matter jurisdiction to deny the variance because the wetlands commission had exclusive jurisdiction over the proposed construction of the road and driveways. In the alternative, the plaintiff claimed that, even if the defendant had subject matter jurisdiction over the petition for a variance, it improperly denied the variance despite evidence that the plaintiff would suffer an unusual hardship. The court dismissed the plaintiff's appeal, finding that the defendant had subject matter jurisdiction, and that it properly determined that the plaintiff did not establish an unusual hardship. This appeal followed.

The following facts and procedural history are relevant to this appeal. The plaintiff owns 12.138 acres of land located on Patricia Drive in Stratford. Approximately 4.8 acres of the property are wetlands. The plaintiff decided to subdivide the property into four lots and to build one single-family home on each lot. Three of the four proposed lots were located upland of inland wetlands, and therefore, could only be accessed by a proposed road and two driveways constructed across 1300 square feet of the wetlands.[1] The proposed road and driveways became the subject of both the plaintiff's permit application to the wetlands commission to conduct a "regulated activity" within 250 feet of wetlands, and its petition to the defendant for a variance from the

zoning regulations to build within fifty feet of wetlands.

First, in order to construct the road and driveways, the plaintiff submitted a permit application to the wetlands commission pursuant to General Statutes § 22a-42, and the regulations enacted by the wetlands commission in accordance therewith.[2] Specifically, the Stratford Inland Wetlands and Watercourses Regulations require an individual to obtain a permit for any "regulated activity," which is defined, in relevant part, as any construction within 250 feet of a specified watershed. Stratford Inland Wetlands and Watercourses Regs., § 2.26. The plaintiff applied for a permit because the locations of the proposed road and driveways were within 250 feet of a watershed specified in § 2.26 of the Stratford Inland Wetlands and Watercourses Regulations. Following several public hearings, the wetlands commission issued the requested permit.

The plaintiff subsequently petitioned the defendant for a variance from a wetlands minimum setback requirement, set forth in § 3.14 of the Stratford Zoning Regulations. Section 3.14 of the Stratford Zoning Regulations provides in relevant part that "[n]o new building construction increasing building area including . . . driveways . . . shall be permitted within [fifty] feet of the mean high water line of any waterbody or watercourse or within [fifty] feet of any freshwater inland wetland . . . ." In its petition for a variance, the plaintiff requested a reduction of the setback requirement from fifty feet to zero feet to enable construction of the road and driveways across the wetlands. Without the requested variance, the plaintiff claimed that it would be unable to access three of the four lots in its subdivision proposal. Accordingly, the plaintiff claimed that it would suffer a hardship due to the presence of wetlands and the size and shape of the property. Following two public hearings, the defendant denied the plaintiff's petition for a variance.

The plaintiff appealed to the trial court from the defendant's denial of its petition for a variance. The plaintiff's revised complaint alleged that the defendant did not have subject matter jurisdiction to review its petition for a variance because the legislature vested the wetlands commission with exclusive jurisdiction over regulated activities affecting inland wetlands. Accordingly, the plaintiff alleged that, insofar as it had obtained a permit from the wetlands commission, it did not also need a variance from the defendant in order to construct the road and driveways. Additionally, the plaintiff alleged that the defendant improperly determined that the plaintiff failed to establish an unusual hardship, which was necessary to acquire a variance.

The court dismissed the plaintiff's appeal. With respect to the plaintiff's first claim, it determined that the authority of the wetlands commission to regulate activities that affect inland wetlands does not conflict

with the defendant's authority to regulate the minimum distance between wetlands and proposed construction. Thus, it concluded that the defendant had jurisdiction to deny the plaintiff's petition for a variance. As to the plaintiff's second claim, the court determined that the plaintiff's purported hardship was purely economic and self-created, and, therefore, the defendant properly determined that the plaintiff was not entitled to a variance as a matter of law.

I

We begin our analysis by setting forth the statutes and regulations guiding our review of the plaintiff's principal claim, namely, that the defendant did not have subject matter jurisdiction to deny its petition for a variance.[3] In 1972, the legislature enacted the Inland Wetlands and Watercourses Act (act), General Statutes §§ 22a-36 through 22a-45, for the purpose of "protect[ing] the citizens of the state by making provisions for the protection, preservation, maintenance and use of the inland wetlands and watercourses . . . ." General Statutes § 22a-36. Section 22a-42 (c) of the act authorizes each municipality to "establish an inland wetlands agency . . . to carry out the provisions of [the act]. . . . [T]he. . . commission authorized by the municipality . . . shall serve as the sole agent for the licensing of regulated activities." This section also contains a savings clause, which provides that "[n]othing contained in this section shall be construed to limit the existing authority of a municipality or any boards or commissions of the municipality, provided the [C]ommissioner [of Energy and Environmental Protection] shall retain authority to act on any application filed with said commissioner prior to the establishment or designation of an inland wetlands agency by a municipality." General Statutes § 22a-42 (g). Additionally, the act further provides that "[n]o person shall conduct any regulated activity within an inland wetland or watercourse which requires zoning or subdivision approval without first having obtained a valid . . . variance . . . establishing that the proposal complies with the zoning or subdivision requirements adopted by the municipality . . . ." General Statutes § 22a-42a (d) (1).

Pursuant to this enabling legislation, in 1988, Stratford created the wetlands commission through § 217-4 of the Stratford Town Charter, which provides in relevant part that "[t]he Town of Stratford hereby establishes the [wetlands commission], an inland wetlands agency, to carry out the provisions of Sections 22a-36 to 22a-45, inclusive, of the Connecticut General Statutes . . . . Such agency shall have authority to promulgate such regulations, in conformity with the regulations adopted by the Commissioner . . . as are necessary to protect the wetlands and watercourses within its territorial limits. . . ." Like § 22a-42, § 217-4 (A) of the Stratford Town Charter designates the wetlands com-

mission "as the sole agent for the licensing of regulated activities." Additionally, like § 22a-42 (g), § 217-4 (B) of the Stratford Town Charter contains a savings clause, providing that "[n]othing contained in this chapter shall be construed to limit the existing authority of any board or commission of the Town of Stratford." Moreover, § 217-5 (D) of the Stratford Town Charter contains language identical to § 22a-42a (d) (1), providing in relevant part that "[n]o person shall conduct any regulated activity within an inland wetland or watercourse which requires zoning or subdivision approval without first having obtained a valid . . . variance . . . establishing that the proposal complies with the zoning or subdivision requirements adopted by the Town of Stratford . . . ."

Pursuant to § 217-4 of the Stratford Town Charter, the wetlands commission enacted regulations providing that the wetlands commission "shall enforce all provisions of the [act] and shall issue, issue with modifications, and deny permits for all regulated activities on inland wetlands and watercourses in the Town of Stratford . . . ." Stratford Inland Wetlands and Watercourses Regs., § 1.5. As previously indicated, a "regulated activity" is defined, in relevant part, as any construction within 250 feet of a specified watershed. Stratford Inland Wetlands and Watercourses Regs., § 2.26. In accordance with these regulations, the plaintiff submitted a permit application to the wetlands commission for construction of the proposed road and driveways within 250 feet of wetlands.

We next turn to the authority of the defendant. General Statutes § 8-6[4] vests the defendant with the authority to grant or deny a variance from the town zoning regulations.[5] In 1988—the year in which the wetlands commission was formed—§ 3.14 of the Stratford Zoning Regulations was entitled "Flood Prevention," and provided: "No dwelling shall be erected with any part of its foundation closer to the center line of a normally running stream or its bed than the minimum sideyard for the district in which it is located plus [thirty-five] feet. The board of appeals may, after due process, approve a variance of this distance when the foundation footing for the dwelling is five feet or more above the normal stream level and the basin drained by the stream, above the location is less than one square mile, or where the stream, above the location is less than one square mile, or where the flow to tidewater is so short and free of obstruction that there is no danger of the stream rising more than three feet, or when the stream is piped and the lot or lots graded according to specifications of the town engineering department. All building elevations shall conform to the national flood damage prevention ordinance."

Subsequently, in 1991, the town amended § 3.14 of the Stratford Zoning Regulations to its current revision.

The current revision is entitled "Waterbody, watercourse, wetland and coastal resource protection," and provides in relevant part that "[n]o new building construction increasing building area including . . . driveways . . . shall be permitted within [fifty] feet of the mean high water line of any waterbody or watercourse or within [fifty] feet of any freshwater inland wetland . . . ." The plaintiff petitioned the defendant for a variance from § 3.14 to reduce the minimum wetlands setback requirement from fifty feet to zero feet in order to construct the proposed road and driveways across the wetlands.

Having set forth the applicable statutory and regulatory scheme, we turn to the plaintiff's first claim. The plaintiff contends that by designating the wetlands commission "as the sole agent for the licensing of regulated activities"; General Statutes § 22a-42 (c); the legislature vested it with exclusive jurisdiction over all regulated activities affecting inland wetlands. Although the plaintiff acknowledges that the act contains a savings clause, which provides that the act does not "limit the *existing authority* of a municipality or any boards or commissions of the municipality"; (emphasis added) General Statutes § 22a-42 (g); the plaintiff argues that § 3.14 of the Stratford Zoning Regulations does not fall within this provision. See also Stratford Town Charter, § 217-4 (B). Specifically, the plaintiff contends that § 3.14 of the Stratford Zoning Regulations, as amended in 1991, is substantively distinct from the version that existed in 1988, when Stratford created the wetlands commission pursuant to the act;[6] see Stratford Town Charter, § 217-4; and therefore, the revision of § 3.14 does not constitute an "existing authority" within the meaning of the act. Hence, the plaintiff contends that it did not need to obtain a variance in order to proceed with its subdivision plan.

The plaintiff's claim is predicated on the interpretation of the act and § 3.14 of the Stratford Zoning Regulations. We therefore review it as a claim of statutory interpretation, over which our review is plenary. See *Doctor's Associates, Inc.* v. *Windham*, 146 Conn. App. 768, 783, 81 A.3d 230 (2013). "General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) Id., 784. We conclude that the plaintiff's claim is unsupported by the language of the act and § 3.14 of the Stratford Zoning Regulations.

Section 22a-42 (c) of the act provides in relevant part that "the board or commission authorized by the municipality . . . shall serve as the sole agent for the

*licensing* of regulated activities." (Emphasis added.) The plaintiff contends that this language vests the wetlands commission with exclusive jurisdiction over *all* activities affecting inland wetlands. Contrary to the plaintiff's contention, however, the authority to *license* regulated activities affecting inland wetlands is separate and distinct from the authority to grant or deny a *variance* from town zoning regulations for construction in close proximity to inland wetlands.

As the court stated in its memorandum of decision, "[b]ased upon a plain reading of the text of § 3.14 [of the Stratford Zoning Regulations], it is clear that the defendant's authority does not extend to the regulation of wetlands. The defendant's authority is limited to the location of driveways or other impervious surfaces or alterations of existing contours. Thus, § 3.14 enables the defendant to regulate the distance that one can erect a road or driveway from the mean high water line of any waterbody or watercourse or within [fifty] feet of any freshwater inland wetland. There is no language in § 3.14 supporting the claim that the subject matter controlled by the defendant is under the purview of the [wetlands commission] nor is there language in § 3.14 that grants the defendant the authority to regulate wetlands. The plaintiff's argument that the defendant usurped the [wetlands commission's] authority by regulating activity in proximity to wetlands areas has no basis.

"Furthermore, the argument that no other regulatory body can regulate activity in proximity to wetlands areas is flawed because activity in proximity to wetlands areas often raises concerns beyond the scope of those just affecting wetlands which requires that agencies cooperate to ensure that all environmental concerns for a particular site are addressed. Therefore, the plaintiff's argument that the defendant usurped the jurisdiction of the [wetlands commission] is without merit."

Moreover, the legislature expressly contemplated concurrent jurisdiction between the wetlands commission and the defendant to regulate matters pertaining to inland wetlands. Section 22a-42a (d) (1) of the act provides in relevant part that "[*n*]*o person shall conduct any regulated activity within an inland wetland or watercourse which requires zoning or subdivision approval without first having obtained a valid . . . variance . . . establishing that the proposal complies with the zoning or subdivision requirements* adopted by the municipality . . . ." (Emphasis added.) See also Stratford Town Charter § 217-5 (D). Thus, "even if the inland wetlands agency grants a regulated activities permit . . . [i]f the project requires a variance, it must be obtained from the zoning board of appeals . . . ." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (3d Ed. 2007) § 11.6, p. 363. Accordingly,

the plaintiff's acquisition of a permit from the wetlands commission did not satisfy its additional burden of obtaining from the defendant a variance from § 3.14 of the Stratford Zoning Regulations.

Our conclusion is further supported by case law providing that "[a]ny attempt to limit [the] powers and duties [of a zoning board of appeals] by restrictive regulation in conflict with the enactment of the General Assembly exceeds the authority of the town." (Emphasis omitted; internal quotation marks omitted.) *Jersey* v. *Zoning Board of Appeals*, 101 Conn. App. 350, 360, 921 A.2d 683 (2007), quoting *Farnsworth* v. *Windsor*, 150 Conn. 484, 486–87, 190 A.2d 915 (1963). The plaintiff's contention that the wetlands commission had exclusive jurisdiction over its subdivision application exceeds—and indeed, directly contradicts—the authority vested in the wetlands commission by the Stratford Town Charter, which provides in relevant part that in order to conduct an activity regulated by the wetlands commission, applicants must obtain a permit therefrom, *and* a "variance . . . establishing that the proposal complies with the zoning or subdivision requirements adopted by the Town of Stratford . . . ." Stratford Town Charter, § 217-5 (D); see General Statutes §§ 22a-42 and 22a-42a. We thus conclude that the court properly determined that the defendant had subject matter jurisdiction over the plaintiff's petition for a variance.

II

We next address the plaintiff's claim that the court improperly dismissed its appeal from the defendant's denial of the petition for a variance because the plaintiff established an unusual hardship. "We . . . must determine whether the court properly concluded that the [defendant's] decision to [deny] the variance was arbitrary, illegal or an abuse of discretion." (Internal quotation marks omitted.) *Schulhof* v. *Zoning Board of Appeals*, 144 Conn. App. 446, 451, 74 A.3d 442 (2013). "[Section] 8-6 (a), which sets forth the powers and duties of a zoning board of appeals, provides in relevant part: The zoning board of appeals shall . . . (3) . . . determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. . . . [See also Stratford

Zoning Regs., § 21.1.][7] . . .

"To support a variance . . . a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control. . . . The applicant bears the burden of demonstrating the existence of a hardship. . . . Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. . . . *A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance . . . and neither financial loss nor the potential for financial gain is the proper basis for granting a variance.*" (Citation omitted; emphasis added; footnote added; footnote omitted; internal quotation marks omitted.) *Schulhof* v. *Zoning Board of Appeals*, supra, 144 Conn. App. 452–53. Our Supreme Court has "repeatedly said that the power to grant a variance should be sparingly exercised . . . so as to protect property values and ensure the orderly development of the community." (Citations omitted.) *Carlson* v. *Zoning Board of Appeals*, 158 Conn. 86, 89, 255 A.2d 841 (1969).

In its memorandum of decision, the court stated: "It is clear from the record, that the primary concern addressed by the plaintiff at the public hearing was the plaintiff's ability to build a four home subdivision on the subject property instead of one home. The inability to develop the subject property so as to build a subdivision consisting of four single-family homes is the claimed hardship in the present matter. The law is clear that neither a mere economic hardship nor a hardship that was self-created is a proper ground upon which to grant a variance. *Morikawa* v. *Zoning Board of Appeals*, [126 Conn. App. 400, 408–409, 11 A.3d 735 (2011).] 'The desire to subdivide property into [multiple] lots is a voluntary hardship created by the applicant requiring denial of a variance.' R. Fuller, [supra] § 9.3, p. 247 (relying upon *Aitken* v. *Zoning Board of Appeals*, 18 Conn. App. 195, 206, 557 A.2d 1265 [1989]). . . . Any hardship based on the plaintiff's desire to subdivide and develop the subject property to facilitate building four single-family homes is self-created, and, therefore, the board lacked the power to grant a variance on this ground."

We agree with the court's analysis. The plaintiff concedes that without the variance, it could still build one single-family home on the property. This court has previously held that "a hardship was not shown because the [plaintiff] admitted that a house, even though not the type that [it] desired, could have been built on the lot while conforming to the setback requirements. *Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship . . . .*" (Emphasis added; footnote omitted; internal quotation

marks omitted.) *Jaser* v. *Zoning Board of Appeals*, 43 Conn. App. 545, 548, 684 A.2d 735 (1996). Thus, because the plaintiff's inability to build four homes on the property constitutes a mere disappointment in use, the court did not improperly dismiss the plaintiff's appeal from the defendant's denial of its petition for a variance.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The proposed road was to be approximately 500 feet in length and was to lead to the two proposed driveways. One driveway was to be an accessway to one upland lot, and the other driveway was to be an accessway to the other two upland lots.

[2] General Statutes § 22a-42 is part of the enabling legislation, known as the Inland Wetlands and Watercourses Act, which authorizes each municipality to create an inland wetlands commission to "serve as the sole agent for the licensing of regulated activities." This statute, as well as the regulations enacted by the wetlands commission, are discussed in greater detail in part I of this opinion.

[3] At this point, we take pause to note the precarious procedural posture of the plaintiff's claim that the defendant did not have subject matter jurisdiction to deny its petition for a variance. At oral argument before this court, the plaintiff explained that, although it believed that it did not need a variance to build the road and driveways because the wetlands commission had granted it a permit for this construction, the zoning enforcement officer refused to issue a building permit absent a variance from § 3.14 of the Stratford Zoning Regulations. Accordingly, the plaintiff submitted to the defendant a petition for a variance, notwithstanding its belief that a variance was not required for the issuance of a building permit.

If, as the plaintiff contends, it believed that the defendant lacked jurisdiction to issue a variance, it could have brought a writ of mandamus or an action for a declaratory judgment challenging the defendant's jurisdiction. The plaintiff, instead, *voluntarily invoked* the defendant's jurisdiction by submitting to it a petition for a variance. Although this concession to the defendant's jurisdiction might well be grounds enough to dismiss this claim as unmeritorious, we nevertheless have decided to review it.

[4] General Statutes § 8-6 (a) provides in relevant part that the zoning board of appeals shall have the power and duty "to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. No such board shall be required to hear any application for the same variance or substantially the same variance for a period of six months after a decision by the board or by a court on an earlier such application."

[5] The Stratford Zoning Regulations were enacted pursuant to General Statutes § 8-2, which authorizes the zoning commission of each town to "regulate the erection, construction, reconstruction, alteration or use of buildings or structures and the use of land."

[6] The plaintiff argues that prior to the 1991 amendment, § 3.14 of the Stratford Zoning Regulations "was designed to protect life and property from flood damage, not to protect inland wetlands from human encroachment . . . ."

[7] Section 21.1 of the Stratford Zoning Regulations provides in relevant part: "The [defendant] shall have the power to determine and vary the application of these regulations . . . in harmony with their purpose and intent and with due consideration for conserving the public health, safety, convenience and welfare, solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . . Before

making such determination or variance the [defendant] must make a written finding in the minutes of each case giving in detail: (a) The special circumstances which create the hardship for the particular parcel of land and which do not apply to other parcels in the district; (b) that the hardship did not exist when the applicant became an interested party and was not created by any act of the applicant; and (c) that the variance allowed was the minimum necessary to relieve the hardship. . . ."

---